# City Council of Montgomery *v.* Louisville and Nashville R. R. Co.

*Bill in Equity to Enjoin Enforcement of Municipal Ordinance.*

1. *Injunction against enforcement of municipal ordinance, as violating rights of railroad company.*—A railroad company, being required by statute to provide suitable depot accommodations for the travelling public, may maintain a bill in equity against the authorities of a municipal corporation, to restrain and enjoin their interference with the erection or enlargement of necessary depot buildings, either when the municipal ordinance under which they claim the right to interfere is void, or when the complainant's structure is not within its terms.

2. *Wooden buildings and structures within fire limits, under ordinance and charter of city of Montgomery.*—The ordinance of the city of Montgomery which prohibits any person to "build any wooden house, shed, or other structure of wood, within the fire limits, . . or to repair with wood or other combustible material the roof of any building within the fire limits, or enlarge or elevate a wooden building of any kind within the fire limits," does not apply to the extension or enlargement

[City Council of Montgomery v. Louisville & Nashville R. R. Co.]

of a brick depot building by an addition at one end, two stories high, constructed of wooden frame-work, resting on brick pillars, and covered on the outside with corrugated iron. But, whether the city authorities might not, under the powers granted by the charter, prohibit the erection of such structure within the fire limits, is not decided.

APPEAL from Montgomery Chancery Court.

Heard before Hon. JNO. A. FOSTER.

The Louisville and Nashville Railroad Company, operating the South and North Alabama Railroad Company, and in charge of the Union Passenger depot of the last named company in the city of Montgomery, undertook to make an addition, demanded by public convenience, and necessary for the business of said companies, to said Union depot, which depot is a brick building and within the fire limits of said city of Montgomery. This addition, one side of which was an end side of said depot, was to be thirty by forty-two feet long and wide and twenty-four feet high; cased on the outside with corrugated iron, and covered on top with sheet-iron roofing; the structure to rest upon a solid brick foundation three or four feet deep and raised several inches above the ground; the wood to be used was to be pieces of studding fourteen inches apart, a sill resting on the brick foundation, and a plate at the top, with floors in the lower and upper story and a stair way. The doors, sashes and blinds were to be of wood, as is usual in all buildings. The addition was to be plastered on the inside. While engaged in the erection of this structure the workmen were stopped, and the railroad superintendent was arrested and fined by the city authorities. A resolution, in reference to this building, was passed by the city council in these words: "Resolved, That the chief of police be directed to take steps at once to enforce the city ordinance against all persons in any manner concerned in erecting the two story wooden building near the Union depot in this city, and to arrest and bring before the recorder all parties engaged in working on said structure, or connected therewith, including the superintendent of the L. & N. Railroad Company." The city ordinances bearing on this subject are as follows:

"SEC. 132. No person shall build any wooden house, shed or other structure of wood within the above described fire limits; or remove any structure from a place beyond to a place within the fire limits; or remove any wooden structure from any place within the fire limits to any other place within the fire limits or repair *with wood* or other combustible

material the roof of any building within the fire limits; or enlarge or elevate a *wooden* building of any kind within the fire limits, and any person who shall violate any of the provisions of this section shall be fined ten dollars on conviction thereof, and *five dollars for every day thereafter that the violation shall be continued.*

"SEC. 133.  Every building which shall be erected with more wood on its outside than is required for door and window frames, eaves, cornices, doors, shutters, sash, porticoes and steps to the first floor above ground, shall be considered a wooden building; and every building having a wooden frame and covered or to be covered with tin, zinc, sheet-iron or other material, shall also be considered a wooden building within the meaning of this ordinance."

The city authorities threatened to arrest and fine any person engaging in the erection of said addition, and to remove the whole, or any part thereof, if erected.  The railroad companies filed a bill in the Chancery Court seeking to enjoin any interference on the part of the city authorities in the erection and completion of said addition, and any attempt to remove the same after completion.

A preliminary injunction issued, as prayed.  A motion to dissolve the same was overruled, and the city council appealed.

WM. S. THORINGTON, for appellant.—The action of the city was to enforce a police regulation and was no invasion of a franchise.—Horr & Bemis Mun. Pol. Ord., § 221; 12 Mo. App. 25; 52 Ala. 210; *Burnett v. Craig*, 30 Ala. 135; 40 Conn. Rep. 478; 12 B. J. Lea, 121.  The city ordinances are valid and reasonable.—47 Ala. 511; Horr & Bemis Mun. Pol. Ord., 164–171; 44 Mo. 550.

JONES & FALKNER, and H. STRINGFELLOW, *contra.*—A court of equity should interfere by injunction in this case. 2 Dillon Mun. Corp., § 908; *Spring Valley Water-Works v. Bartlett*, 2 Am. & Eng. Corp. Cases, 100; *Davis v. Mayor*, 1 Duer, 452; *Attorney-General v. Cleaver*, 18 Vesey, 218; 19 Fed. Rep. 231; 44 Ark. 130; *Att'y-Gen. v. Utica Ins. Co.*, 2 Johns. Ch.; 10 Paige, 539; 1 Sou. Rep. 625; 7 Ch. App. 597; High on Inj., §§ 20, 596; 42 Miss. 493; 54 N. Y. 156; 47 Ala. 166; 33 Am. Rep. 239–46; 9 Wheaton, 841; 83 Ala. 498; 113 U. S. 538; 6 Vesey, 101; 4 Sawyer, 530; 7 Johns. Ch. 332; 3 Pom. Eq. Jur. 387–9.  The cases *Bur-*

*nell v. Craig*, 30 Ala. 138; *M. & W. P. R. R. Co. v. Walton*, 14 Ala. 207; *Moses v. Mayor*, 52 Ala. 211, analyzed and argued to be in favor of this contention.—*Rogers v. Mayor*, 10 Ala.; *Street Railway Cases*, 79 Ala. 468. Everything well pleaded in the bill must be taken as true.—75 Ala. 275; 67 Ala. 353. City council can not determine what is a wooden building.—12 Ala. 576; 10 Wallace, 497; 28 Am. Rep. 608; Wood on Nuisances, §§ 157, 740; 4 Am. & Eng, Corp. Cases, 521; 1 Dillon on Munic. Corp., § 327; *State v. Patterson*, 46 Am. Rep.; 23 Am. Rep. 608; 1 Wallace, 291, 384, 391; 13 Md. 279; 16 Vt. 439. The functions of railroad corporations are *franchises*, and will be protected in the courts of the State where charters are obtained.—1 Rorer on Railroads, 73–5; 22 Am. & Eng. R. R. Cases, 509; 38 Ala. 594.

SOMERVILLE, J.—The principles settled in the case of *The Port of Mobile v. The Louisville & Nashville Railroad Co.*, decided at the present term, 84 Ala. 115, may be fairly con sidered as settling the right of a court of chancery to assume jurisdiction of the present case, the purpose of which is to protect an alleged corporate franchise from repeated and embarrassing disturbances resulting from the threatened enforcement of a municipal ordinance of the city of Montgomery, which is asserted either to be void, or else to have no application to the case of the complainants, although the Recorder's Court of said city has construed it otherwise, and the city council have announced their intention to execute its penalties against the complainant, and its authorized agents.

It is obvious that upon the facts stated in the bill, which are to be taken as true, so far as well pleaded, on the motion to dissolve the injunction, the enforcement of the ordinance in question, with or without the demolition of the new extension of the depot in process of construction, presents a strong case of complicated and irreparable injury to the complainant, followed by a grave interference with public interests. The duty of the complainant railroad company to supply suitable depot accommodations to the travelling public is imposed by statute. The right to do so is as much a part of its corporate franchise as the right to construct its road, and to carry passengers for hire, subject of course to be regulated by the exercise of the lawful police power of the State, whether directly by the sovereign power speaking through the public statutes, or indirectly through the agency

of the municipality of Montgomery, expressed in the form of a lawful and valid ordinance.

The case then resolves itself into an inquiry as to the validity of the ordinance in question, or its application to the act of the complainant·in the enlargement of its depot building, as described in the bill, and admitted by the appellant on this motion. This ordinance, as found in the city code of 1879, is as follows:

"Sec. 132. No person shall build any wooden house, shed or other structure of wood within the above described fire limits; or remove any structure from a place beyond to a place within the fire limits; or remove any wooden structure from any place within the fire limits to any other place within the fire limits, or repair *with wood* or other combustible material the roof of any building within the fire limits; or enlarge or elevate a *wooden* building of any kind within the fire limits, and any person who shall violate any of the provisions of this section shall be fined ten dollars on conviction thereof, and five dollars for every day thereafter that the violation shall be continued."

The ensuing section, numbered 133, purports to define what shall be deemed a wooden building, and does not affect the case in the aspect in which we propose to decide it. We assume that the ordinance is authorized by the amended charter of the city, approved February 26, 1887, under the power there given "to determine within what limits wooden buildings shall not be erected, and to prevent the reconstruction in wood of old buildings within such limits, and to condemn buildings and verandahs and parts thereof, which are dangerous or insecure."—Acts 1886–87, pp. 488–489. We may admit also, for the sake of argument, that this power is as broad as section 21 of the original city charter, which authorized the city council "to *regulate* or prohibit the erection of wooden buildings in any part of the city they may deem proper and necessary," under the authority of which the ordinance under consideration was passed.

The contention is pressed with earnestness that the depot extension, or enlargement, which is minutely described in the bill, is not a *wooden* building, because it rests on a solid brick foundation, is intended to be encased on the outside with corrugated iron, and to be covered on top with sheet-iron roofing, in such manner as to make it practically fire proof. For this reason it is insisted that the city council had no authority, under its charter, to prohibit the erection

[City Council of Montgomery v. Louisville & Nashville R. R. Co.]

of such a structure. If we conclude that the legislature used the words "wooden building" in the sense in which they are ordinarily used in common parlance and usage, and that the city council could not attach to them any other or different signification, it becomes exceedingly difficult for a court, or even a jury, to say precisely how much wooden material, in a given case, will operate to bring a structure within this designation, or class of buildings. This is manifest from the most casual reflection. The issue is one which might well have been referred by the chancellor to a jury, and had he done so, in a proper case, and retained the injunction in force until its determination, after the answer on the final hearing, we are not prepared to say that his action would have been erroneous in this particular. 2 High on Injunc. §§ 1508–1509. Without undertaking, therefore, to determine whether the structure in question is a wooden structure, we are satisfied that the extension or enlargement of the complainant's *brick* depot building, in the manner described, does not fall within the prohibitions of the ordinance. The *first* paragraph of the ordinance merely prohibits the building, as an *entirely*, of any wooden house or structure. There is another clause regulating enlargements of old buildings. The *second* and *third* have reference only to the *removal* of wooden and other structures within the fire limits. The *fourth* prevents repairs of certain kinds on the *roof* of any building within the fire limits; and the *fifth* prohibits the enlargement or elevation of a *wooden* building of any kind within the same area. The ordinance is penal in its nature, we may say highly penal, in view of the daily recurring fines for the continuance of the *quasi* nuisance intended to be prohibited and punished. It must, therefore, be strictly construed against the municipal authorities. It is not sufficient for an act to be brought within the spirit of a highly penal statute; it must come within the letter, ordinarily, to authorize its inclusion within the terms of such statute. Adopting such a construction, we think that the act of the complainant corporation does not fall within the terms of the ordinance, and is not violative of its provisions. This conclusion is sufficient to authorize us to hold that the chancellor did not err in refusing to dissolve the injunction granted to prevent the threatened enforcement of the ordinance against the complainants, or its authorized agents, who were concerned in making the depot enlargement.

We wish to be understood in what we have above said, as

intentionally leaving the question undecided as to whether the extension or enlargement of the depot building, as described in the bill, is a wooden structure or not—such as it was within the power of the city to prohibit by virtue of the authority conferred in its charter. This point we leave open. What we do decide is, that the ordinance of the city, which has been enacted on this subject, does not meet the case in hand.

The decree of the chancellor refusing to dissolve the injunction is, accordingly, affirmed.