[Bryan v. Mayor and Aldermen of the City of Birmingham.]

# Bryan *v.* Mayor and Aldermen of the City of Birmingham.

*Bill to Declare an Ordinance Void.*

(Decided Feb. 13, 1908.   45 South. 922.)

1. *Injunction; Criminal Prosecution; Jurisdiction.*—Equity will interfere by injunction to restrain any act or proceeding tending to the destruction or impairment of property, although generally without power to restrain threatened criminal prosecution under state laws or municipal ordinances.

2. *Cemeteries; Establishment; Regulation; Nuisance.*—A cemetery not being of itself a nuisance to those living in its immediate vicinity; neither adjoining proprietors nor the public can complain thereof, unless from the manner of burals therein or from some other cause, irreparable injury will result therefrom.

3. *Same; Legislative Control.*—Under the police power, and so long as it does not discriminate against any citizen in favor of a municipality or of other citizen, or create a monopoly, the legislature may provide for the establishment or discontinuance of cemeteries and may regulate their use so long as the first consideration is the protection of the health and well being of the people; and this legislative power may be delegated to a municipal corporation.

4. *Same.*—Where it will likely become a nuisance, a municipal corporation may prohibit the opening or continuance of a cemetery; but it is without authority to prohibit one from devoting his lands to cemetery purposes in a sparsely settled locality, although within police jurisdicion, unless burials therein will likely impair the public health.

5. *Municipal Corporations; Ordinances; Validity; Presumption.*—An ordinance not void on its face is presumed to be valid and reasonable and where its validity is dependent on facts the party relying on its invalidity must aver and prove the facts making it so.

6. *Injunction; Restraining and Enforcing of Ordinances; Prohibiting Cemeteries.*—The ordinance made it unlawful to use any cemetery within described limits, which ordinance was sought to be declared invalid as an arbitrary discrimination against a person who owned land within the limits wherein cemteries were prohibited. The evidence showed that the drainage from the cemetery did not run over the premises of those adjoining; that the cemetery was closer to the city than the other cemetery and that it was separate from the other by a highway and that there were houses between the highway and the cemetery; that many houses were built nearer to the cemetery prohibited than the other cemetery.   There was no evidence to show that the city had not adopted the highway as a line for the purpose of separating cemetery and non-cemetery area, and

that the sanitary conditions might not make it dangerous to maintain a cemetery on one side thereof. Held, insufficient to show that the ordinance prohibiting it was invalid as discriminatory.

. APPEAL from Jefferson Chancery Court.

Heard before Hon. ALFRED H. BENNERS..

Bill by J. R. Bryan against the mayor and aldermen of the city of Birmingham. From a decree for defendants, complainant appeals. Affirmed.

The bill was filed to declare void an ordinance making it unlawful to establish and use any private cemetery in section 26, township 17 S., range 3 W., in Jefferson county, Ala., said area being within the police jurisdiction of the city of Birmingham, and to inter any dead body within the corporate limits of the city of Birmingham, or within any part of said section 26, township 17 S., range 3 W., in Jefferson county, Ala. (the said described area being within the police jurisdiction in said city), except Oak Hill Cemetery. Then follows the penalty of not less than $25 nor more than $100 for violation of this ordinance. It is averred that Bryan established and opened for interment of dead human bodies a cemetery or burial ground outside of the geographical or territorial limits of the city of Birmingham, but within said section, township, and range above set out; that the land on which it was opened was his own; that the cemetery is properly laid off, fenced, and cared for; and that the effect of the ordinance will be to destroy the value of the property and to deprive orator of the proper use and benefit of his said property. The prayer is to restrain perpetually the operation of the ordinance and to enjoin the mayor and aldermen of Birmingham from its enforcement.

A. LATADY, and W. E. MARTIN, for appellant. It is not to be doubted that municipal corporations having the power conferred upon them, either expressly or by

[Bryan v. Mayor and Aldermen of the City of Birmingham.]

necessary intendment, may prohibit the establishment of
cemeteries within the limits of their police jurisdiction,
and may prohibit further burials in established cemeter-
ies within the same limit; but they cannot exercise this
power arbitrarily. A cemetery is not a nuisance per se.
—65 Ala. 479; *Monk v. Packard,* 71 Me. 309; *Upjohn v.
Board of Health,* 46 Mich. 542.. Cemeteries within the
corporate limits of muncipal corporations are not nui-
sances per se.—*New Orleans v. St. Louis Church,* 11 La.
An. 244; *Musgrove v. St. Louis Church,* 10 La. An. 431;
*Lakeview v. Letz,* 44 Ill. 81. A municipal corporation
has no authority without regard to circumstances to pro-
hibit the lawful use of private property.—*Town of
Greensboro v. Ehrenrich,* 80 Ala. 579.

E. D. SMITH, for appellee. The ordinance is a police
regulation and does not constitute a taking for public
purposes without compensation.—5 A. & E. Ency. of
Law, 792-3. The ordinance was within the charter pow-
er.—Acts 1898-9, p. 1391; *Campbell v. Kansas,* 102 Mo.
326; 10 L. R. A. 593; *St. Peter's Episcopal Church v.
Washington,* 109 N. C. 121; *Humphries v. Front St.
Methodist Episcopal Church,* 109 Ala. 132-138; *New
York v. Slack,* 3 Wheelers Criminal Cases, 237; *People
Oak Hill Cemetery v. Pratt,* 129 N. Y. 63-72; *Charleston
v. Wentworth St. Baptist Church,* Strob H. 306. See
also, particularly, 1st Dillon on Municipal Corporations,
4th Edition (Notes), pages 215 and 216; *Boyd v. Mont-
gomery,* 117 Ala. 677 (680). Under the evidence in this
case a court of equity will enjoin the cemetery even with-
out the ordinance.—*Kingsbury v. Flowers,* 65 Ala. 479;
*Lowe v. Prospect Hill,* 46 L. R. A. 237; *Jung v. Neroz,*
71 Tex. 596. The ordinance complained of is set out at
length in section 3 of the Bill. It is a penal ordinance
and the court, no matter whether the ordinance is void

or valid, will not restrain the enforcement of a penal ordinance, with certain specific exceptions. This ordinance does not fall within the exceptions.—*City Council of Montgomery v. West,* 40 Sou. Rep. 215; *Old Dominion Telegraph Co. v. Powers,* 140 Ala. 220; *Brown v. The ayor & Aldermen of Birmingham,* 140 Ala. 590; *Burnett v. Craig,* 30 Ala. 135; *Moses & Beebe v. Mobile,* 52 Ala. 198; *Forchcimer v. Mobile,* 84 Ala. 126; *Mobile v. L. & N. R. R. Co.,* 84 Ala. 126; *M. & W. O. R. R. v. Walton,* 14 Ala. 207.

HARALSON, J.—The jurisdiction of equity is purely and exclusively civil and such courts are without power to enjoin or restrain threatened crimes or threatened prosecutions, and this rule applies to prosecutions under municipal ordinances as well as state laws.—*Brown v. Birmingham,* 140 Ala. 590, 37 South. 173, and cases there cited. Applying this rule, the courts should not lose sight of the fact, that a court of equity can and should interfere by injunction to restrain any act or proceeding, whether connected with crime or not, which tends to the destruction or impairment of property or property right.—5 Pom. 635; *Austin v. Austin,* 87 Tex. 330, 28 S. W. 528, 47 Am. St. Rep. 114; *Atlanta v. Gate City Co.,* 71 Ga. 106; *Deems v. Mayor of Baltimore,* 80 Md. 164, 30 Atl. 648, 26 L. R. A. 541, 45 Am. St. Rep. 339.

The bill in the case at bar avers, that the existence and threatened enforcement of the ordinance will not only greatly diminish the value of his property, but will practically destroy its value, by forbidding the use to which it is better or exclusively adaptable. In fact, the facts averred put the case at bar almost on all fours with the case of *Austin v. Austin, supra,* where the court, speaking through Gaines, C. J., says: "As long as the ordinance remains undisturbed it acts in terrorem and

[Bryan v. Mayor and Aldermen of the City of Birmingham.]

practically accomplishes a prohibition against the burial of the dead within the limits of the city of Austin. save in the excepted localities. Under these conditions, who would venture to bury, or to be concerned in burying, a dead body in appellees' ground, or who would purchase a lot in the cemetery?"

The bill also avers that the ordinance is void; and is not wanting in equity.

Whatever may be the rule in other states, with reference to the use of land for burial purposes, our court, speaking through Brickell, C. J., says: "Burial places for the dead are indispensable. They may be the property of the public, devoted to the use of the public; or the owner of the freehold may devote a part of his premises to the burial of his family or friends. It is but a just exercise of his dominion over his own property. Neither adjoining proprietors, nor the public, can complain, unless it is shown that, from the manner of burial, or some other cause, irreparable injury will result to them. It is quite an error to suppose, that of itself a burying ground is a nuisance to those living in its immediate vicinity."—*Kingsbury v. Flowers*, 65 Ala. 479, 39 Am. Rep. 14.

The Legislature, in the exercise of its police power, has the right to provide for the establishment or discontinuance of cemeteries, and to regulate their use, and this authority can be delegated to a municipal corporation; but in the exercise of the power, it must not be for the purpose of discriminating against any citizen in favor of the municipality or of another citizen, or create in the city or in others a monopoly, but the health and well-being of the city is to be the prime consideration in attempting to regulate the burial of the dead. That a municipality can prohibit the opening or the continuation of a cemetery in case it is or will likely become a

nuisance, there can be no doubt; and that it cannot prohibit the owner from devoting his land to cemetery purposes in a sparsely settled locality, although within the corporate limits or police jurisdiction, there can be no doubt, unless the burials are calculated to impair the public health. So the question is, does the cemetery in this case amount to a nuisance or will it become one if permitted to continue, or was the enactment of the ordinance an arbitrary, unreasonable and capricious abuse of the authority conferred upon the city? When an ordinance is not void upon its face, but its validity is dependent upon facts, it is incumbent upon the party relying upon the invalidity to aver and prove the facts which make it so.—*Austin v. Austin, supra; Marion v. Chandler*, 6 Ala. 902. The presumption therefore is, that the ordinance is reasonable and was enacted as a sanitary measure for the protection of the health of the city or certain parts thereof. The complainant attempted to show, that the continuation of his cemetery would not impair the health of the community but most of his witnesses merely testified that drainage from the cemetery did not run over their lots and that they did not personally object to same. The water may not run over their lots and they may not object to the cemetery, but this is not of itself sufficient to show that the public health would not be impaired or that the ordinance was unreasonable. Complainant contends that there are other cemeteries near his land and closer to the city, which are permitted, and that he has been discriminated against and that the ordinance is therefore void. It would seem that if conditions were similar as to locations, surroundings, drainage, etc., and the other cemeteries were as close or closer to the populous parts of the city, and the complainant's cemetery was conducted with an equal degree of precaution as to burials, to prohibit the use to

one and permit it in others, would be an arbitrary and unreasonable discrimination. But these facts have not been established in the case at bar. While the bill avers that the other cemeteries are closer to the city, the proof shows that complainant's is nearer. The proof also fails to show that the one in question joins any of the others, but that it is separated by a public highway and that there are houses between it and said highway. For all we know, this road or highway may have been adopted as a line of demarcation for the purpose of separating cemetery and noncemetery area, and sanitary conditions may have made it all right on one side and dangerous on the other. There was proof that many houses were built up, and being built, near to this cemetery, and no proof that any existed at or near the others. At any rate, it was incumbent upon complainant to show that the ordinance was an arbitrary discrimination against him, which we think he has failed to do.

The decree of the chancery court is affirmed.

TYSON, C. J., and SIMPSON and ANDERSON, JJ., concur.