(85 South. 527)

FRANKLIN SOCIAL CLUB v. TOWN OF PHIL CAMPBELL. (8 Div. 237.)

(Supreme Court of Alabama. May 20, 1920.)

1. Injunction ⬉85(2)—Lies against enforcement of invalid ordinances injurious to property rights.

While every intendment must be made in favor of the lawfulness of a municipal ordinance, a court of equity may enjoin the enforcement of a quasi criminal ordinance, where its enforcement would interfere with the conduct of business or other property rights.

2. Injunction ⬉85(2)—Enforcement of municipal ordinance against playing pool not enjoined.

Though Acts 1909, p. 193 et seq., as well as Revenue Act of 1919 (Acts 1919, p. 427), recognize the right to play pool in social clubs in municipalities, an ordinance, prohibiting the playing of pool, will not be enjoined at the suit of a social club; it not appearing that any property right or matter of business or public importance would be served by court of equity determining such question in advance of a prosecution under the quasi criminal provisions of the ordinance.

Appeal from Circuit Court, Franklin County; C. P. Almon, Judge.

Bill by the Franklin Social Club against the Town of Phil Campbell to enjoin the enforcement of an ordinance and from prosecuting suits thereunder. From a decree dissolving the temporary injunction, complainant appeals. Affirmed.

Chenault & Guin, of Russellville, and Chester Tubb, of Haleyville, for appellant.

Acts Sp. Sess. 1909, p. 193, granted the complainant the right for which it contends. The ordinance sought to be enjoined contravenes the right given by this statute and is otherwise unreasonable. 118 Ala. 143, 22 South. 628, 72 Am. St. Rep. 143; 179 Ala. 54, 60 South. 392, Ann. Cas. 1915C, 691; 13 Ala. App. 570, 68 South. 586. The ordinance tends to the destruction and impairment of property or property rights, and hence equity will intervene. 84 Ala. 115, 4 South. 106, 5 Am. St. Rep. 342; 84 Ala. 127, 4 South. 626; 181 Ala. 308, 61 South. 920, 45 L. R. A. (N. S.) 575; 150 Ala. 259, 43 South. 706; 154 Ala. 447, 45 South. 922, 129 Am. St. Rep. 63.

Thomas J. Carey, of Haleyville, for appellee.

There is no equity in the bill; hence it could not support the injunction. 173 Ala. 182, 55 South. 793; 4 Ala. App. 254, 59 South. 69; 149 Ala. 229, 42 South. 838; 146 Ala. 620, 41 South. 781, 119 Am. St. Rep. 54; 154 Ala. 447, 45 South. 922, 129 Am. St. Rep. 63; 84 Miss. 339, 37 South. 137, 66 L. R. A. 453.

SAYRE, J. [1] Relief against the enforcement of penal ordinances has been most frequently denied on the ground that the proceedings for their enforcement were of a criminal nature, and that equity declines to interfere with the administration of the criminal law. Some cases, however, deny the right to equitable interference on the ground that the complainant's defense to the prosecution affords him an adequate remedy at law. This is substantially the language of 5 Pomeroy's Equity Jurisprudence, § 354. In Brown v. Birmingham, 140 Ala. 590, 37 South. 173, McClellan, C. J., referring to the considerations above mentioned, announced the general rule to be that the chancery court is wholly without jurisdiction to enjoin such quasi criminal prosecutions, however great and irreparable the damages to result from them to the party complaining may in fact be. However, he did allow as a "so-called" exception to the general rule which he announced cases in which prosecutions under a void ordinance will destroy or impair property rights to the irreparable injury of the owner. Mr. Pomeroy says the principle is

---

generally, but not universally, accepted that the enforcement of a void municipal ordinance may be enjoined where an injunction is necessary for the purpose of preventing irreparable injury to private rights. He also states his belief that in applying the rule (as announced by Chief Justice McClellan) the courts have sometimes lost sight of its qualifications, which he states to be as well settled as the rule itself, that a court of equity may in a proper case interfere by injunction to restrain any act or proceeding, whether connected with crime or not, which tends to the destruction of property or property rights. In Bryan v. Birmingham, 154 Ala. 447, 45 South. 922, 129 Am. St. Rep. 63, after referring to the rule of Brown v. Birmingham, the court repeated in substance Mr. Pomeroy's remarks on the necessity of observing the qualifications in favor of property and property rights, citing Austin v. Austin, 87 Tex. 330, 28 S. W. 528, 47 Am. St. Rep. 114; Atlanta v. Gate City Co., 71 Ga. 106; Deems v. Baltimore, 80 Md. 164, 30 Atl. 648, 26 L. R. A. 541, 45 Am. St. Rep. 389. In Austin v. Austin the court quoted with approval from Atlanta v. Gate City Co., as follows:

"Where it is manifest * * * that a prosecution and arrest is threatened for an alleged violation of city ordinances for the sole purpose of preventing the exercise of civil rights conferred directly by law, injunction is the proper remedy to prevent injury to the party thus menaced."

And in Deems v. Baltimore, it had been said that—

"Where an ordinance is void and its provisions are about to be enforced, any party whose interests are to be injuriously affected thereby may and properly ought to go into a court of equity and have the execution of the ordinance stayed by injunction."

In Bryan v. Birmingham the bill charged that the ordinance there in question created an arbitrary and unreasonable discrimination; but the court held that the evidence did not sustain the charge. In Greensboro v. Ehrenreich, 80 Ala. 579, 2 South. 725, 60 Am. Rep. 130, Cuba v. Mississippi Cotton Oil Co., 150 Ala. 259, 43 South. 706, and Mobile v. Orr, 181 Ala. 308, 61 South. 920, 45 L. R. A. (N. S.) 575, ordinances affecting property rights were declared void because they were not regarded as legitimate exercises of the powers conferred by the Legislature upon municipal authorities. An instructive discussion of the underlying principle of these cases is found in Mobile v. L. & N. R. R. Co., 84 Ala. 115, 4 South. 106, 5 Am. St. Rep. 342. In Brown v. Birmingham, it should be noted, there was no interference with any useful business. In the Supreme Court of the United States it is well settled that, where property rights will be destroyed, unlawful interference by criminal proceedings under a void ordinance may be reached and controlled by

a decree of a court of equity. Davis & Farnum Mfg. Co. v. Los Angeles, 189 U. S. 207, 218, 23 Sup. Ct. 498, 47 L. Ed. 778. In Dobbins v. Los Angeles, 195 U. S. 223, 25 Sup. Ct. 18, 49 L. Ed. 169, it is said that, while it is admitted that every intendment must be made in favor of the lawfulness of the exercise of municipal power making regulations to promote the public health and safety, and while it is not the province of the courts, except in clear cases, to interfere with the exercise of the power reposed by law in municipal corporations for the protection of local rights and the health and welfare of the people in the community—notwithstanding this general rule of the law, it is now thoroughly well settled by the decisions of that court that municipal by-laws and ordinances undertaking to regulate useful business enterprises are subject to investigation in the courts with a view to determining whether the law or ordinance is a lawful exercise of the police power, or whether, under the guise of enforcing police regulations, there has been an unwarranted and arbitrary interference with the constitutional rights to carry on a lawful business, to make contracts, or to use and enjoy property. "The English and American courts have, we believe, without exception, held that the right to conduct one's business, without the wrongful and injurious interference of others, is a valuable property right which will be protected, if necessary, by the injunctive processes of equity." Hardie-Tynes Mfg. Co. v. Cruise, 189 Ala. 66, 66 South. 657.

[2] Appellant seeks to bring its operations within the protection of the principle stated in the authorities supra. On the averments of the bill it would seem rather clear that the town council has determined that neither the members of the Franklin Social Club nor any one else shall play pool in the town of Phil Campbell. They may be wise in an extralegal way; but by the legislative act of August 25, 1909 (Acts Special Session 1909, p. 193 et seq.) it was provided, in substance, that games of pool and other like amusements named therein might be played in social clubs and societies "where nothing is wagered on such game," and that such clubs and societies, organized and operated for other than pecuniary purposes, shall be exempt from property (to an amount not exceeding $2,000) and license taxes, whether levied by state, county or municipalities. This license tax exemption appears to have been preserved. Revenue Act of 1919, p. 427. Still, the ordinances in question cannot be adjudged as an excess of municipal power, either generally or in their application to the particular case of appellant, in advance of a full hearing, and, considering that appellant is engaged in no useful business, and that it cannot be a matter of great public or private concern in a legal sense whether pool be played in ap-

pellant's club or elsewhere in Phil Campbell pending a judicial determination as to the validity of these ordinances, we deem it the better rule and more in accord with the precedents established by this court, that the equity court should not be burdened with an investigation of the issue, but that it should be determined at the end of a prosecution under the quasi criminal prescriptions of the alleged ordinances. This disposes of the cause on its broadest ground; subsidiary questions need not be examined.

Affirmed.

ANDERSON, C. J., and GARDNER and BROWN, JJ., concur.