WALKER v. CITY OF BIRMINGHAM et al.
(6 Div. 801.)

Supreme Court of Alabama.    March 31, 1927.

Rehearing Denied May 19, 1927.

1. Municipal corporations ⊙⇒591—Ordinance
giving board of health right to refuse permits
to sell milk held not void as unwarranted
"delegation of legislative power" (Acts 1915,
p. 294, § 6).

Ordinance which conferred on board of
health right, in exercise of its judgment, to re-
fuse permits to sell milk, held not void as in-

volving unwarranted "delegation of legislative power" under Acts 1915, p. 294, § 6.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Legislative Power.]

**2. Municipal corporations ⬤⟲591—Administration of ordinance adopted for safety and health may be committed to subordinate officers.**

Administration of ordinances adopted for safety and health of inhabitants may be committed to subordinate officers without violating constitutional principles.

**3. Municipal corporations ⬤⟲591—Ordinance giving board right to refuse permit to sell milk, in exercise of its judgment, held valid, where hearing was provided for.**

Ordinance committing to board of health right to refuse permit to sell milk, when in its judgment applicant is not proper person to be granted a permit, *held* not invalid as giving unregulated discretion to decide who may and who may not engage in legitimate business where applicant has right to hearing.

**4. Injunction ⬤⟲85(1)—Equity will interfere to preserve property rights, where unlawful enforcement of ordinance would cause irreparable loss.**

Where property-rights are involved, and unlawful enforcement of ordinance would cause irreparable loss, equity will interfere to preserve property rights.

**5. Injunction ⬤⟲118(3)—Petition alleging municipal officials arbitrarily refused license to sell milk, and that refusal would destroy value of equipment and good will of petitioner's dairy business, held to state case for equitable interference.**

Petition alleging board of health had refused petitioner license to sell milk arbitrarily and unreasonably, and that such refusal of license would destroy value of equipment of dairy business and its good will, *held* to state case for interference of court of equity.

**6. Injunction ⬤⟲55—Right to conduct lawful business without wrongful and injurious interference will be protected by injunction.**

Right to conduct one's lawful business without wrongful and injurious interference of others is right which will be protected, if necessary, by injunction.

**7. Injunction ⬤⟲85(1)—Attempt to enforce valid ordinance unreasonably may be enjoined**

Arbitrary or unreasonable attempt to enforce valid ordinance without warrant of law or facts may be enjoined.

**8. Food ⬤⟲1—Officers charged with regulating sale of milk under ordinance had discretion to refuse license, not reviewable, unless arbitrarily exercised (Acts 1915, p. 294, et seq.).**

Health authorities, in denying license to sell milk under city ordinance enacted pursuant to Acts 1915, p. 294 et seq., had discretion, exercise of which would not be reviewed, unless conduct in denying license was unjust, arbitrary, and capricious.

**9. Injunction ⬤⟲174—Preliminary injunction held properly dissolved on showing made in milk dealer's suit against health authorities to enjoin revocation of license (Acts 1915, p. 294 et seq.).**

In suit by owner of dairy to enjoin revocation of his license to sell milk by health officer and director of food and dairy inspection, action of court in dissolving preliminary injunction *held* proper, where pleadings and affidavits submitted did not show officers abused discretion given them to revoke licenses under ordinance enacted pursuant to Acts 1915, p. 294 et seq.

**10. Injunction ⬤⟲174—Denials of sworn answer are not conclusive on motion to dissolve temporary injunction (Code 1923, § 8311).**

On motion to dissolve temporary injunction, denials of sworn answer may not be accepted as conclusive under Code 1923, § 8311.

**11. Injunction ⬤⟲74—Court must, in injunction suit, act to protect private business from unwarranted interference, and also to protect public health and safety.**

In determining whether acts of officers should be enjoined, private business must be protected against unwarranted invasion, and public health and safety must also be preserved.

**12. Injunction ⬤⟲126—Burden was on party seeking to enjoin municipal officers from revoking license to sell milk to show action complained of was arbitrary or unreasonable.**

In injunction suit against municipal officers to enjoin revocation of license to sell milk, burden was on complaining party to show officers acted arbitrarily and unreasonably.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in equity by G. O. Walker against the City of Birmingham and others. From a decree dismissing the bill, complainant appeals. Affirmed in part, reversed in part, and remanded.

Erle Pettus, of Birmingham, for appellant.

Private property must be held subordinate to reasonable police regulation, but lawful property cannot be destroyed or confiscated under the mere guise of police regulation, or by arbitrary or unreasonable exercise of power. Spear v. Ward, 199 Ala. 105, 74 So. 30; Board of Comm. v. Orr, 181 Ala. 308, 61 So. 920, 45 L. R. A. (N. S.) 575. The ordinance under which complainant is required to secure a permit is void, for that it seeks to delegate legislative powers from the municipality to the board of health. Parke v. Bradley, 204 Ala. 455, 86 So. 28; Dunn v. Wilcox, 85 Ala. 144, 4 So. 661; Fox v. McDonald, 101 Ala. 51, 13 So. 416, 21 L. R. A. 529, 46 Am. St. Rep. 98. Injunction is a proper remedy to restrain enforcement of an ordinance when same would cause irreparable injury, and a temporary injunction should not be dissolved when irreparable injury will

'result to complainant. Town of Cuba v. Cotton Oil Co., 150 Ala. 259, 43 So. 706, 10 L. R. A. (N. S.) 310; P. & M. Bank v. Laucheimer, 102 Ala. 454, 14 So. 776; Lauderdale v. McAllister, 193 Ala. 176, 68 So. 984; Gilreath v. Carbon Hill Co., 157 Ala. 153, 47 So. 298. The dissolution of an injunction will be allowed only for want of equity or denials of the verified answer. Thompson v. Johnson, 201 Ala. 315, 78 So. 91. A license may not be arbitrarily refused. Elmore v. Overton, 104 Ind. 548, 4 N. E. 197, 54 Am. Rep. 343; 37 C. J. 240.

Horace C. Wilkinson, of Birmingham, for appellees.

The city of Birmingham is fully invested with power to adopt and enforce the ordinances involved. Acts 1915, pp. 296, 304, §§ 32–37; Code 1923, § 2032. Such ordinance is reasonable and valid. People v. Vandecarr, 175 N. Y. 440, 67 N. E. 913, 108 Am. St. Rep. 781; Id., 199 U. S. 552, 26 S. Ct. 144, 50 L. Ed. 305. It does not vest arbitrary power in the defendant officials. 12 A. L. R. 1450. The answer shows that appellant is an improper person to have issued to him a permit to dispense milk. People v. Dept. of Health, 189 N. Y. 187, 82 N. E. 187, 13 L. R. A. (N. S.) 894; Harrison v. People, 121 Ill. App. 189.

SAYRE, J. Appellant sought by his bill to restrain and enjoin appellees, the city of Birmingham, the board of health of Jefferson county, J. D. Dowling, health officer of Birmingham, and L. C. Bulmer, who has been designated director of food and dairy inspection by the city, from interfering with appellant's business by refusing to grant him a license to sell milk in the city. In particular, complaint is made of the action of Dowling and Bulmer in their respective capacities, they, it is alleged, having denied appellant a hearing, or any reasonable opportunity to be heard, and denied him the license necessary to his business, acting therein unreasonably, arbitrarily, and without warrant. On submission upon the general demurrer denying the equity of the bill, and upon sworn bill, answer, and numerous affidavits pro and con, the court dismissed appellant's bill as being devoid of equity, and for the same reason dissolved the temporary injunction which had been previously granted.

[1-3] We think there can be no serious objection to the bill on the ground that the ordinance governing the sale of milk in the city of Birmingham is void as involving the unwarranted delegation of legislative power. The Act of August 20, 1915, § 6, armed the city with the full and complete power to adopt ordinances and regulations, not inconsistent with the laws of the state or the state and federal Constitutions, providing for the safety and preserving the health of its inhab-

itants. Acts 1915, p. 294 et seq. The administration of such an ordinance may be committed to subordinate officers—necessarily must be—without offense against any principle of constitutional law. Parke v. Bradley, 204 Ala. 455, 86 So. 28; Wheeler v. River Falls Power Co. (Ala. Sup.) 111 So. 907.[1] Nor is the ordinance objectionable as committing to an officer or officers the power to decide, according to their own notion in each particular case, the question of issuing or withholding a license, and thus deciding according to their unregulated discretion who may, and who may not, engage in a legitimate and useful—even, we may say, necessary—business, for, while it confers upon the board of health the right to refuse a permit "when in its judgment the applicant for such permit is not a proper person to be granted such permit," the further provision is that in every case the applicant shall have the right to be heard in person or by counsel, or both, with the right to introduce competent evidence in support of his application, and the right of the board to revoke licenses is safeguarded in like manner, and probably, in the absence of an express provision for a hearing, the right would be presumed, and an opportunity afforded nevertheless to any applicant who has complied with the stipulated preliminaries, and whom it is sought to exclude on the ground that in the judgment of the board he is not a proper person to carry on the business of dealing in milk. Eckhardt v. Buffalo, 19 App. Div. 1, 46 N. Y. S. 204. But, however that may be, the ordinance in this case made ample provision for a hearing.

[4-6] The court of equity will not undertake to administer the merely criminal features of a municipal ordinance; but, where property rights are involved, and the unlawful enforcement of an ordinance will involve irreparable loss, equity will interfere to preserve property rights. No criminal prosecution is alleged; but appellant has been refused a license, and his averment is that thereby his large investment in the necessary equipment of his dairy business and the good will of that business, built up by years of successful management and at great expense, will be destroyed—an averment of irreparable damage. The further averment, as we have already noted, is that, in refusing him a license, the board of health and its health officer and dairy inspector have acted arbitrarily, unreasonably, and without warrant. These averments in our judgment make a case for the interference of the court of equity. Franklin Social Club v. Phil Campbell, 204 Ala. 259, 85 So. 527. The right to conduct one's lawful business, without the wrongful and injurious interference of others, or, to accommodate the principle involved to the facts averred, without the arbitrary, unreasonable, and unwarranted denial of the necessary li-

[1] 215 Ala. 655.

cense is a valuable right, which will be protected, if necessary, by the injunctive process of equity. Hardie-Tynes Mfg. Co. v. Cruise, 189 Ala. 66, 66 So. 657.

[7] The foregoing conclusions are sustained by Franklin Social Club v. Phil Campbell, supra; Bryan v. Birmingham, 154 Ala. 447, 45 So. 922, 129 Am. St. Rep. 63; Commissioners v. Orr, 181 Ala. 308, 61 So. 920, 45 L. R. A. (N. S.) 575, and other cases there referred to. Some of these cases involved the attempted enforcement of void ordinances to the injury of property rights, but the effort to enforce a valid ordinance arbitrarily, unreasonably, and without warrant of law or facts is in no better case, and may be enjoined.

The trial court therefore erred in its decree holding that there was no equity in the bill.

[8-12] It necessarily resulted, and the trial court so ruled, that the preliminary injunction granted on appellant's sworn bill should be dissolved. But our conclusion that appellant's bill was not devoid of equity makes it necessary now to review this last-stated ruling of the court as affected by the sworn bill and answer and the numerous affidavits submitted on either side at the hearing of the motion; that is, on the facts. So considered, we are unable to conclude that there was error in dissolving the preliminary injunction. Defendants were in the exercise of a discretion conferred by law, not to be reviewed, unless for an unjust, arbitrary, and capricious denial of the license sought by appellant. The averments of the bill suffice to bring the action of defendants into review by the court, but the answer of appellees, supported by the affidavits of the president of the commission, of the health officer of the city, and the director of food and dairy inspection, makes full, complete, and detailed denial of the averments of the bill, and brings forward with great detail facts which would justify the action of the board of health and its officers in denying a license to appellant. The motion to dissolve the temporary injunction presents, therefore, an issue of fact to be determined de novo— this, because the chancellor's decree dissolving the injunction on the ground that the bill contained no equity, erroneous in itself, left the issue of fact presented by the pleadings and affidavits undetermined. Toney v. Burgess, 208 Ala. 55, 93 So. 850. Since the enactment of section 8311 of the Code the full denials of the sworn answer may not be accepted as conclusive. Daniel v. Birmingham Co., 207 Ala. 659, 93 So. 652; Saxon v. Parson, 206 Ala. 491, 90 So. 904.

In deciding this issue private rights of property, the right to carry on a lawful and necessary business, must be protected against unwarrantable invasion, and authority must be restrained within reasonable and proper bounds on the one hand; on the other, the health and safety of the people must be con-

served. Necessarily much must be left to the discretion of the municipal authorities, as, plainly enough and properly enough, the ordinance contemplates. Defendants were in the exercise of a discretion vested in them by law, though subject to regulation by the courts, for abuse and judicial interference must be denied, unless and until it is made plainly to appear that they transcended the power granted to them, and abused it without the warrant of facts. In other words, the burden is on appellant to show that, as alleged, appellees have acted arbitrarily, unreasonably, and without the warrant of necessary facts in refusing to issue a license or in refusing to renew the license under which for some years appellant has engaged in business. Appellant does not appear to have had a formal hearing, as provided by the ordinance, but the question now at issue was for a long time in dispute between the parties, each of them prepared to meet it, and each submitted his contention to the other, or, to say the least, the municipal authorities made it entirely clear to appellant what faults they found with his method of conducting his business, while appellant denied their complaints, and refused to further accommodate himself or his method of doing business to the demands made upon him, because, he all along insisted, he had done everything that could properly be required of him. Hence the refusal to issue a license, and hence this proceeding, in which appellant must ultimately have full and fair opportunity to propound and maintain as well as he may his claim of right to a license. The question now immediately before the court is whether on the showing made by the parties the trial court should have allowed the previously granted injunction to stand pending a final hearing of the cause. It would serve no useful purpose to enter into a detailed discussion of the facts as they are made to appear in the sworn pleadings and in the affidavits submitted on either hand. It seems necessary to mention only numerous affidavits from satisfied customers submitted on behalf of appellant. These affidavits are stereotyped, and, while for that reason they are open to criticism as probably not stating the carefully considered conclusions of the affiants, they are accepted as true statements of their conclusions and opinions, but not as weighty statements concerning the underlying facts on which the complaints of the health officers of the city of Birmingham were based. These affiants were not in a position to know whether appellant's dairy was conducted with proper regard for cleanliness, whether his cattle had been inspected for tuberculosis, whether his water supply was what it ought to have been, whether the bacterial count shown by appellant's milk indicated slovenly methods in its handling, or whether from time to time the milk sold by appellant had been diluted with water. These

216 ALA.—14

considerations were of great importance as affecting the judgment of the health authorities, but, most likely, the faults, if any, in the milk supplied were not so obvious as to attract the attention of appellant's customers, though such faults may have been a matter of serious concern to them and the public. Hence the necessity for inspection. Hence; also, it is that the affidavits of this class, though proving the satisfaction of appellant's customers, fall far short of proving that the milk furnished by appellant was as fit as it ought to have been for human consumption, and numerous exhibits to appellees' answer tend strongly to sustain their contention. There were other affidavits pro and con, bearing more immediately upon the true inwardness of the conflict between the parties, but, as we have said, it is considered best at this stage of the case to pretermit discussion. Upon consideration of the whole record the court here is of opinion that the temporary injunction was properly dissolved, though for a reason different from that assigned in the trial court.

The decrees now under consideration are interlocutory. It remains to take evidence in the customary way, each party having the right to cross-examine adversary witnesses, and a final decree rendered. In so far as the decree under review dissolved the temporary injunction, it is affirmed; in so far as it sustained the demurrer to appellant's bill and dismissed the same, the decree is reversed, and the cause will be remanded for further proceedings in agreement with this opinion.

Let the costs of appeal be taxed against the parties equally.

Affirmed in part, reversed in part, and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.