173 So. 847

**CAUDLE v. COTTON, Sheriff, et al.**

**7 Div. 443.**

Supreme Court of Alabama.

April 15, 1937.

E. L. Roberts and Motley & Motley, all of Gadsden, for appellant.

H. H. Evans, of Anniston, for appellees.

FOSTER, Justice.

The bill seeks to enjoin the enforcement of the Act of July 25, 1931 (Gen.Acts 1931, p. 806), alleging that its enforcement would interfere with the conduct of the business of complainant, and that the machines are in no way gambling devices, not in violation of the act, but are used for the mechanical sale of merchandise of the retail value of the coin inserted. Its equity is sought to be predicated upon the principle declared in City of Birmingham v. Seltzer, Inc., 229 Ala. 675, 159 So. 203; Franklin Social Club v. Town of Phil Campbell, 204 Ala. 259, 85 So. 527; Walker v. City of Birmingham, 216 Ala. 206, 112 So. 823; City Council of Montgomery v. Louisville & Nashville R. Co., 84 Ala. 127, 4 So. 626; Port of Mobile v. Louisville & Nashville R. Co., 84 Ala. 115, 4 So. 106, 5 Am.St.Rep. 342; Board of Commissioners of Mobile v. Orr, 181 Ala. 308, 61 So. 920, 45 L.R.A.(N.S.) 575.

But every such case is controlled by its circumstances, especially since the relief sought appeals to the equitable power of the court to issue an injunction, and is dependent upon such injunctive right to sustain its equity. It is said to be a proper case for equitable injunction, although the law or ordinance is lawful, if its enforcement is unlawful and tends to break up an established business with a large investment and good will, and with no adequate means of measuring the loss, so that the damage will be irreparable. Such is the case of Walker v. City of Birmingham, supra. It is not every property right which equity will protect by injunction against an invalid ordinance or its unlawful enforcement. But the situation shown in each case must be controlling. Brown v. Mayor and Aldermen of Birmingham, 140 Ala. 590, 37 So. 173.

Perhaps the case of Ex parte State, 200 Ala. 15, 75 So. 327, furnishes an illustration more nearly in point to the instant case than any we have seen, not now considering Higdon v. McDuff (Ala.Sup.) 172 So. 636,[1] which is directly in point, and reaffirmed in Fisher v. McDuff, 233 Ala. 499, 172 So. 637. In Ex parte State, supra, complainant alleged he had a beverage for sale, not prohibited by law, and the officers were threatening to seize it under the prohibition law, and to prosecute him, and sought an injunction. It was held that the property right to be protected did not bring his cause within the exception of the general rule, as declared in the cases first above cited.

The owner had an adequate remedy provided by the prohibition law in that the

---

[1] 233 Ala. 497.

officer seizing it must at once have a hearing in court as to its liability to seizure. A similar provision exists in the act of 1931, supra, section 6. The prohibition act was to promote temperance and suppress the evils of intemperance, whereas the other is "to suppress the evils of gambling devices." The State's peace officers should not be hampered by injunction as they undertake to enforce such a statute, when full protection and due process are accorded in such way that no irreparable loss will follow from a failure to enjoin. In all the cases where property rights were protected in equity by injunction, on the principle asserted some situation was shown which made it clear that complainant had no other remedy to prevent irreparable loss. Bryan v. Birmingham, 154 Ala. 447, 45 So. 922, 129 Am.St.Rep. 63; Town of Cuba v. Mississippi Cotton Oil Co., 150 Ala. 259, 43 So. 706, 10 L.R.A.(N.S.) 310.

We have indulged in this discussion as an enlargement on what was said in Higdon v. McDuff, supra, directly in point here, relating to the same act of the Legislature.

■ But it is also claimed that there was error in dismissing the bill for want of equity without extending complainant an opportunity to amend so as to give it equity. The decree is dated February 13, 1937. The record does not show whether that was at a time designated by authority of section 6637, Code, for an equity session. We will therefore presume that it was at such a session. Moss v. Winston, 218 Ala. 364, 118 So. 739; Pope v. Allinder, 219 Ala. 439, 122 So. 419; Hume v. Kirkwood, 216 Ala. 534, 113 So. 613; West v. State ex rel. Matthews, 233 Ala. 588, 173 So. 46; Davidson v. Rice, 201 Ala. 508, 78 So. 862.

■ So considered, there was no error in dismissing the bill, if the demurrer was properly sustained, and no application then made to amend the bill. If it was not at a setting of the equity docket, complainant might have moved to set aside the decree, and to be permitted to amend alleging that it was not at such a session. In that event, it could be shown in the record that it was not so. But the decree recites that it was in term time. We cannot disregard that recital.

■ But complainant would fare no better if the presumption were not so indulged, assuming there was a proper hearing. We will, of course, treat as amended, for this purpose, all formal defects. Wood v. Burns, 222 Ala. 650, 133 So. 696; Dothan Oil Mill Co. v. Espy, 220 Ala. 605, 127 So. 178; Lake v. Sealy, 231 Ala. 466, 165 So. 399. But if a bill does not in any respect show an equitable right, it is not error to dismiss it ex mero motu, without provision for amendment. Elmore County v. Tallapoosa County, 222 Ala. 147, 131 So. 552; Birmingham Interurban Taxicab Service Corporation v. McLendon, 210 Ala. 525, 98 So. 578; Dailey v. Koepple, 164 Ala. 317, 51 So. 348.

■ In this case there was no equitable right asserted in any form. Ex parte State, supra.

■ ■ It is also claimed that there was error in rendering the decree because it does not show a submission on demurrer. The decree alleges that the cause came on to be heard at this term on demurrers to the bill as amended, and then proceeds to act on them. This recital indicates that it was in term time, and heard on demurrers. We must accept those recitals as expressive of what occurred, since the record does not otherwise conflict. A formal submission is not necessary, but the proper practice is to set the cause down for hearing on demurrer unless it is called at a setting of the equity docket, when it should be disposed of on a hearing. Rules 72 and 74, Chancery Practice; 21 Corpus Juris, 443, § 487. The recitals of the decree show that it was heard in term time on the demurrers. No further averment of submission is necessary.

■ Appellant also insists that the act of 1931, supra, does not comply with section 66, Constitution, in that the journal does not show who voted to dispense with reading the bill at length, nor the number who thus voted when the respective presiding officers signed the bill. The features of the journal quoted to sustain this contention recite that it was done in the presence of the House and Senate, respectively, and that the reading at length was dispensed with by a two-thirds vote of the quorum present. Section 66, Constitution, is that such reading at length "may be dispensed with by a two-thirds vote of a quorum present, which fact shall also be entered on the journal." This feature of the Constitution does not declare that the vote shall be taken by aye and nay, or that the vote shall be entered further than to show that it was done by two-thirds of a quorum present. The journal substantially follows section 66, supra, in declaring how the reading was dispensed with. Unless the Constitution requires more, the courts can-

not do so. See Jackson v. State, 171 Ala. 38, 55 So. 118.

It follows that there is no error in the decree of the court, and it is affirmed, and injunction dissolved.

Affirmed and injunction dissolved.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

