314 So.2d 864

**TOWN OF GUWIN, Alabama, an incorporated municipality, and Willie Gilbert, Mayor, et al.**

**v.**

**OAKCREST MEMORIAL GARDENS, INC., a corp.**

**SC 1115.**

Supreme Court of Alabama.

June 5, 1975.

Fite, Davis & Fite, Hamilton, for appellants.

**274**

Vinson & Guyton, Hamilton, for appellee.

SHORES, Justice.

This action was begun by appellee's (hereinafter referred to as Oakcrest) filing a complaint in the Circuit Court of Marion County alleging that the appellants (hereinafter referred to as Town of Guwin) had capriciously, wrongfully, and discriminately refused to issue a license to Oakcrest for the purpose of engaging in the operation of a memorial garden or cemetery within the corporate limits of the Town of Guwin.

The complaint alleged that the Town of Guwin had refused to issue a license to Oakcrest for the reason that there already existed one memorial garden in the Town of Guwin. In answer, the Town of Guwin admitted that it had refused to issue the license because there was an existing memorial garden or cemetery in the Town of Guwin, and further asserted that the Town was acting within its discretionary authority under the provisions of Title 37, § 478, Code.

The case was tried without a jury and resulted in a judgment ordering the Town of Guwin to issue to Oakcrest, upon its tender of twenty-five dollars, a privilege license to operate a memorial garden or cemetery.

The Town of Guwin appeals from this judgment.

The evidence shows that Oakcrest owns lands adjacent to an existing memorial garden, and that it planned to use 5 acres of this land as a memorial garden. Representatives of Oakcrest attended a meeting of the town council of the Town of Guwin, applied for a license to operate a memorial garden, and were told to return in a week, at which time the council would rule on the application. At the end of a week, representatives of Oakcrest returned to the town council, which informed them that the Town would not issue the license for the reason that the Town of Guwin was not big enough for two cemeteries, that they (members of the council) had talked with the owner of the existing memorial garden, and had been informed that the existing cemetery had all the plots that would be needed for many years. One member of the council said that the Town of Guwin was just too small for two cemeteries, and it was for that reason that the license was being denied.

There was no evidence that the proposed cemetery would interfere with the use of any property of any citizen or of the Town of Guwin. There was no evidence that the establishment of the cemetery would constitute a nuisance. The sole reason given for denial of the application was that the existing cemetery was more than adequate to serve the needs of the town.

In brief, the Town of Guwin argues that Title 37, § 478, Code 1940, gives towns and municipalities discretionary authority to determine whether cemeteries may be established within their boundaries, and asserts that it did not act arbitrarily or capriciously in denying the application in this case. That statute provides:

"All cities and towns of this state shall have the power to own, regulate, and improve, to lay out and control, town or city cemeteries, and permit additions thereto and the establishment of new ones, either within or without the town or city limits, and to sell burial lots in the same; and to regulate or prohibit the establishment or use of private cemeteries within the police jurisdiction of a city or town elsewhere than in the city or town cemeteries."

The record shows that the Town of Guwin does not own or operate any city cemetery; nor does it have any zoning ordinances of any kind, or any ordinance regulating cemeteries. The question is whether the statute gives the town the authority to prohibit the establishment of a private cemetery simply because there exists another privately operated cemetery within the town limits. The Town contends that it has this authority and, in denying the application in this case, was acting in the best interest of the citizens of the Town.

In *Bryan v. Mayor and Aldermen of the City of Birmingham,* 154 Ala. 447, 45 So. 922 (1908), this court said:

"The Legislature, in the exercise of its police power, has the right to provide for the establishment or discontinuance of cemeteries, and to regulate their use, and this authority can be delegated to a municipal corporation; but in the exercise of the power, it must not be for the purpose of discriminating against any citizen in favor of the municipality or of another citizen, or create in the city or in others a monopoly, but the health and well-being of the city is to be the prime

consideration in attempting to regulate the burial of the dead. That a municipality can prohibit the opening or the continuation of a cemetery in case it is or will likely become a nuisance, there can be no doubt; and that it cannot prohibit the owner from devoting his land to cemetery purposes in a sparsely settled locality, although within the corporate limits or police jurisdiction, there can be no doubt, unless the burials are calculated to impair the public health. . . ." (154 Ala. at 451, 452, 45 So. at 923)

*Bryan* relied in part on *Kingsbury v. Flowers,* 65 Ala. 479 (1880), where it was noted:

"Burial-places for the dead are indispensable. They may be the property of the public, devoted to the uses of the public; or the owner of the freehold may devote a part of his premises to the burial of his family or friends. It is but a just exercise of his dominion over his own property. Neither adjoining proprietors, nor the public, can complain, unless it is shown that, from the manner of burial, or some other cause, irreparable injury will result to them. It is quite an error to suppose, that of itself a burying ground is a nuisance to those living in its immediate vicinity. . . ." (65 Ala. at 485)

Later cases have held that the owner of property within the corporate limits of a city has no unqualified right to use his property for purposes of a cemetery; *Alosi v. Jones,* 234 Ala. 391, 174 So. 774 (1937); and that each case should be determined by the facts peculiar to it. It was also stated in *Alosi* that the fact of adequate burial grounds may be considered by a municipality in allowing or disallowing opening of property for further burials.

Under the facts in the instant case, there was no claim made nor evidence offered that the establishment of the proposed cem-

etery would in .anyway constitute a nuisance or in anywise impair the public health, or interfere with the use by any other person of his property. The sole ground given for denying the application was the existence of another cemetery. Under such circumstances, we hold that the trial court committed no error in ordering the Town of Guwin to issue the license.

The judgment appealed from is, therefore, affirmed.

Affirmed.

HEFLIN, C. J., and MERRILL, JONES and ALMON, JJ., concur.