162 So. 310

## BLACKWELL v. STATE.
### 8 Div. 121.

Supreme Court of Alabama.
March 18, 1935.

140

ANDERSON, Chief Justice.

█ The body of the act (Gen. Acts 1931, p. 806) is cognate or germane to the title and does not offend section 45 of the Constitution of 1901. The main purpose of the bill, as expressed in the title, was to suppress the evils of gambling devices, to define same, to provide for the seizure and destruction of same, and the body of the bill so conforms to the general purpose as expressed in the title as not to violate section 45 of the Constitution.

█ It is true that said act as finally adopted is much broader than the bill as originally introduced and much more comprehensive as to details, but we do not think that the purpose of the bill was so changed as to violate section 61 of the Constitution. The main purpose of the bill as introduced was to prohibit the operation of punchboards and slot machines, and the bill as passed simply broadens the scope and purpose and prevents the possession, etc., of same which tends to prevent the operation of same. We therefore hold that the amendments or changes were mere extensions or related details and did not change the general purpose of the bill. Stein v. Leeper, 78 Ala. 517; Hall v. Steele, 82 Ala. 562, 2 So. 650; Alabama State Bridge Corp. v. Smith, 217 Ala. 311, 116 So. 695. True, the bill as amended does not specifically mention punchboards, but the instruments mentioned and described could include punchboards kept or used as a gaming device.

█ You ask if the act conforms to section 63 of the Constitution, which deals with certain requirements connected with the passage of bills, and there is nothing in your inquiry or in appellant's brief which points out or suggests a specific noncompliance with said section 63. We do not, therefore, feel called upon to resort to the record and trace and note each and every phase of the bill from its introduction to the final passage.

█ As the act is not repugnant to the constitutional provisions involved, the punishment fixed seems to comply with the act.

GARDNER, BOULDIN, and FOSTER, JJ., concur.