172 So. 636

**HIGDON v. McDUFF, Sheriff.**

**6 Div. 54.**

Supreme Court of Alabama.

Jan. 7, 1937.

Rehearing Denied March 4, 1937.

Merrill, Jones & Whiteside, of Anniston, for appellant.

Erle Pettus, of Birmingham, for appellee.

BROWN, Justice.

This appeal is from an interlocutory decree of the circuit court sustaining the defendant's demurrers to the bill and motion to dissolve the temporary injunction issued on the filing of the bill, restraining the defendant as sheriff, and his deputies, "from in anywise interfering or molesting the complainant in the operation of his business, or molesting or interfering in any way with the vending machine described in the bill of complaint."

The bill avers "that your complainant is the owner of a large number of Mint Vending Machines which are mechanical devices for the sale of merchandise; that said machines are operated by the insertion of small coins in a slot and that said machines thereupon deliver a package of mints of the re-

tail value of the coin so inserted in the machine; *that said machines are in no ways a gambling device or a game of chance and that the operation of said machines are not a violation of the laws of the State of Alabama;* * * * that the defendant is threatening to interfere with your petitioner's said property and is proposing and threatening to arrest your petitioner and otherwise disrupt his said business which petitioner alleges will cause him irreparable injury in his said business and cause him to lose large profits therefrom." (Italics supplied.)

The manifest purpose of the bill is to restrain and enjoin the sheriff from performing the duty imposed on him by section 5 of the act entitled "An Act To Suppress The Evils Of Gambling Devices," etc., approved July 25, 1931, the constitutionality of which has been sustained. Gen.Acts 1931, pp. 806–809; Blackwell v. State, 230 Ala. 139, 162 So. 310; Hurvich v. State, 230 Ala. 578, 162 So. 362; Howle v. City of Birmingham, 229 Ala. 666, 159 So. 206.

The averments of fact, aside from the italicized conclusion of the pleader, are wholly insufficient to show that said mint vending machines or devices are within the exception expressly declared by section 2 of said act, to the effect that "The provisions of this Act shall not apply to any machine, mechanical device, contrivance, appliance or invention *by which merchandise is dispensed in a uniform quantity to each purchaser, although the price may be deposited in a slot in such machine, mechanical device, contrivance, appliance or invention, provided such machine or device can not be played for money, property, checks, credits, or any other representative or token of value.* Nor shall the provisions of this Act apply to machines or devices *where the element of chance is wholly absent,* as where the machine or device *indicates with absolute certainty,* before the player deposits his coin or check, *what he will receive from the machine, mechanical device, contrivance, appliance or invention."* (Italics supplied.) Gen.Acts·1931, p. 807, § 2.

In view of the well-settled principle that courts of equity will not intervene to restrain law officers from the enforcement of criminal statutes, the constitutional integrity of which has been sustained, and especially where the statute itself provides for a full and complete remedy—due process of law—for the protection of alleged property rights, by providing for seizure, notice, and hearing, before condemnation, taking the averments of the bill as true, and treating amendable defects appearing on the face of the bill pro hac vice as amended, our judgment is that the bill is without equity. Brown v. Mayor and Aldermen of Birmingham, 140 Ala. 590, 37 So. 173; Old Dominion Telegraph Co. v. Powers et al., 140 Ala. 220, 37 So. 195, 1 Ann.Cas. 119; Forcheimer & Co. v. Port of Mobile, 84 Ala. 126, 4 So. 112; Howle v. City of Birmingham, 229 Ala. 666, 159 So. 206; City of Bessemer v. Bessemer City Water Works, 152 Ala. 391, 44 So. 663; Lee et al. v. City of Birmingham, 223 Ala. 196, 135 So. 314; Hurvich v. State, supra.

The decree of the circuit court is free from error and is due to be affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.