174 So. 773

**KENNEDY v. SHAMBLIN, Sheriff, et al.**

**6 Div. 136.**

Supreme Court of Alabama.

May 27, 1937.

Edward de Graffenried, of Tuscaloosa and John P. Kohn, Jr., of Montgomery, for appellant.

Gordon Davis and S. H. Sprott, both of Tuscaloosa, for appellees.

BROWN, Justice.

The legislative purpose of the act entitled, "An Act to suppress the evils of gambling devices" (Gen.Acts 1931, p. 806), is clearly expressed in its title. It is a matter of common knowledge that such devices tend to encourage and cultivate the gambling spirit; "often stimulating an inordinate love of gain, arousing the most violent passions of one's baser nature, sometimes tempting the gambler to risk all he possesses on the turn of a single card or cast of a single die, and tending, as centuries of human experience now fully attest, to mendicancy and idleness on the one hand, and moral profligacy and debauchery on the other." Yellow-Stone

Kit v. State, 88 Ala. 196, 200, 7 So. 338, 339, 7 L.R.A. 599, 16 Am.St.Rep. 38. Not only this, such devices tend to encourage and foster racketeering, bribery, subornation, and perjury.

As the averments of the bill show, the only property rights involved are such as the complainant has in said slot machines, in which he has invested his money and the profits which said machines are taking. And the only ground on which he invokes the injunctive protection of the court is that said machines are not within the interdiction of the statute.

Courts of equity do not extend their aid to the protection of such property rights, unless authorized by statute, but leave such matters to the court of criminal jurisdiction. Ex parte State ex rel. Martin, 200 Ala. 15, 75 So. 327.

Moreover, the statute, the enforcement of which the complainant seeks to enjoin, provides a remedy for the protection of complainant's property rights and an adjudication in respect thereto. Caudell v. Cotton, Sheriff (Ala.Sup.) 173 So. 847;[1] Hidgen v. McDuff, Sheriff, 233 Ala. 497, 172 So. 636; Fisher v. McDuff, Sheriff, 233 Ala. 499, 172 So. 637.

The bill is without equity, the injunction was erroneously reinstated, and the decree sustaining the demurrer, dissolving the injunction and dismissing the bill, is free from error.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.

