10 So.2d 457

**EASTBURN et al. v. HOLCOMBE, Sheriff.**

1 Div. 179.

Supreme Court of Alabama.

Nov. 19, 1942.

Wm. G. Caffey, of Mobile, for appellants.

Wm. N. McQueen, Atty. Gen., and Bowen W. Simmons, Asst. Atty. Gen., for appellee.

434

GARDNER, Chief Justice.

Complainants seek injunctive relief against defendant, sheriff of Mobile County, from a threatened seizure of their property, a number of amusement devices automatically operated in various places of business in the city and county of Mobile. From the decree sustaining the demurrer to the bill, complainants prosecute this appeal.

These amusement machines or devices are described with more or less detail in section 3 of the amended bill. They consist of tables with plane surfaces upon which there are depressions or bumpers into or against which steel balls may drop or strike when propelled across the table. Each depression and each bumper has on it a number, and the object of the game is to place the ball in those depressions or strike those bumpers that have the larger numbers so as to increase the score. The result of the game is thus determined by the score thus produced. But we consider a more minute description unnecessary.

■ Suffice it to say the device and the game played bear some resemblance to the machine considered and condemned by this court in the recent case of State v. One 5¢ Fifth Inning Base Ball Machine, 241 Ala. 455, 3 So.2d 27. True the pleader, by way of conclusion, insists the game is one in which skill and not the element of chance predominates, and that within itself it is an entirely innocent amusement. But these averments must be interpreted in the light of the descriptive facts as to these machines to be found in the bill, all of which tend to show a question of fact to be determined upon proof and perhaps close examination of the devices themselves.

In this last-noted case we made some reference to the history of our legislation for the suppression of gambling devices. This legislation originated in 1931, Gen.Acts, 1931 p. 806, the opening words of the title to the act being: "to suppress the evils of gambling devices, * * *". We there took judicial notice of conditions prevailing prior to the passage of the act, that is, that distributed throughout the State in various places of business were "slot" machines, "pin ball" machines, "one arm bandit" machines, and various other mechanical devices and inventions stimulating the gambling spirit in the citizens and corrupting the morals of the people.

The act of 1931 is now to be found in Title 14, Article 4, Code of Alabama, 1940. In this article are to be found ample provisions for a full and complete hearing by the owners in a court of equity before any final condemnation of their property with the right of appeal from an adverse decree.

■ It is a sound principle of law, well recognized in our decisions, that a court of equity will not intervene to restrain officers from the enforcement of criminal statutes, the constitutional integrity of which have been sustained, especially where, as here, the statute itself affords a full hearing in the courts. Higdon v. McDuff, 233 Ala. 497, 172 So. 636, 637; Fisher v. McDuff, 233 Ala. 499, 172 So. 637; Ex Parte State, 200 Ala. 15, 75 So. 327. Perhaps the more recent case directly in point is Caudle v. Cotton, 234 Ala. 126, 173 So. 847, 848. Here, as there, the complainants appealed to the equitable power of the court to issue an injunction and the bill for its equity is dependent solely upon such injunctive right. The Caudle case gives a very full discussion of the question and the principle therein announced and here applicable, is to be found in the following excerpt from the opinion: "The State's peace officers should not be hampered by injunction as they undertake to enforce such a statute, when full protection and due process are accorded in such way that no irreparable loss will follow from a failure to enjoin. In all the cases where property rights were protected in equity by injunction, on the principle asserted some situation was shown which made it clear that complainant had no other remedy to prevent irreparable loss."

■ Here defendant as sheriff is but discharging his official duty, as he sees it, in the enforcement of a criminal statute, and the principle of noninterference by injunction in the discharge of such duties, as disclosed by the authorities herein cited, is applicable. So considered, the conclusion is that the bill is without equity, and the decree sustaining the demurrer is due to be affirmed.

It is so ordered.

Affirmed.

BOULDIN, FOSTER, and LAWSON, JJ., concur.