PER CURIAM.
Macon County Greyhound Park, Inc., d/b/a VictoryLand (hereinafter “Victory-Land”), commenced an action in the Macon Circuit Court against John M. Tyson, Jr., individually and in his official capacity as special prosecutor and task force commander of the Governor’s Task Force on Illegal Gambling pursuant to Executive Order No. 44 (hereinafter “Tyson”), seeking injunctive and declaratory relief stemming from Tyson’s arrival at the premises of VictoryLand without a search warrant in the early morning hours of January 29, 2010, for the purpose of seizing machines that, Tyson says, are illegal gambling devices.
*589 The gravamen of the complaint is Victo-ryLand’s assertion that its activities are lawful and that it will suffer irreparable injury if the machines are seized. Immediately after the complaint was filed, the Macon Circuit Court, after giving Tyson an opportunity to be heard, entered an oral temporary restraining order, followed by a written order, barring, among other things, further action by Tyson pending a hearing to be held on February 5, 2010. Tyson complied with the order and, immediately after the entry of the written order, filed an emergency motion in this Court to stay or to vacate the trial court’s order. Tyson contends that the Macon Circuit Court does not have subject-matter jurisdiction over an action seeking to enjoin the enforcement of criminal laws of the State of Alabama. We agree.
The general rule is that a court may not interfere with the enforcement of criminal laws through a civil action; instead, the party aggrieved by such enforcement shall make his ease in the prosecution of the criminal action:
“It is a plain proposition of law that equity will not exert its powers merely to enjoin criminal or quasi criminal prosecutions, ‘though the consequences to the complainant of allowing the prosecutions to proceed may be ever so grievous and irreparable.’ Brown v. Birmingham, 140 Ala. [590,] 600, 37 South. [173,] 174 [ (1904) ]. ‘His remedy at law is plain, adequate, and complete by way of establishing and having his innocence adjudged in the criminal court.’ Id.”
Board of Comm’rs of Mobile v. Orr, 181 Ala. 308, 318, 61 So. 920, 923 (1913). See also 22A Am.Jur.2d Declaratory Judgments § 57 (2003) (“A declaratory judgment will generally not be granted where its only effect would be to decide matters which properly should be decided in a criminal action.”).
“The general rule that courts of equitable jurisdiction will not enjoin criminal proceedings or prosecutions applies ... to prosecutions which are merely threatened or anticipated as well as to those which have already been commenced. The rule extends to ... searches and seizures in the course of investigation of crime....
“It is not a ground for injunctive relief that the prosecuting officer has erroneously construed the statute on which the prosecution is based so as to include the act or acts which it is the purpose of the prosecution to punish....
“If the statute, or interpretation thereof, on which the prosecution is based is valid, the fact that the enforcement thereof would materially injure the complainant’s business or property constitutes no ground for equitable interference, and is not sufficient reason for asking a court of equity to ascertain in advance whether the business as conducted is in violation of a penal statute. ...”
43A C.J.S. Injunctions § 280 (2004) (footnote omitted).
This Court has recognized an exception to the general rule whereby the equitable powers of the court can be invoked to avoid irreparable injury when the plaintiff contends that the statute at issue is void. See Orr, 181 Ala. at 319-20, 61 So. at 924 (“This situation of the complainant, we think, ... brings [his case] fairly within that class of cases in which equity will intervene for the prevention of oppressive and vexatious litigation affecting property rights where it takes, or is about to take, the form of an effort to enforce a void municipal ordinance by means of repeated prosecutions thereunder.” (emphasis added)). Such intervention by a court exercising equitable jurisdiction does not interfere with the orderly functioning of *590 the executive branch within its zone of discretion in violation of the separation-of-powers doctrine set forth at § 43 of the Alabama Constitution of 1901 (“In the government of this state, except in the instances in this Constitution hereinafter expressly directed or permitted, the legislative department shall never exercise the executive and judicial powers, or either of them; the executive shall never exercise the legislative and judicial powers, or either of them; the judicial shall never exercise the legislative and executive powers, or either of them; to the end that it may be a government of laws and not of men.”). The exercise of equitable jurisdiction in such cases is consistent with this Court’s recognition of the propriety of actions against State officials in their official capacity to enjoin enforcement of a void law because such conduct — enforcing a void law — exceeds the discretion of the executive in administering the laws of this State. See, e.g., Aland v. Graham, 287 Ala. 226, 260 So.2d 677 (1971) (permitting actions to enjoin State officials from enforcing an unconstitutional law).
The complaint in this action does not present a situation in which the plaintiff acknowledges that his conduct is prohibited by a statute and then challenges the enforceability of the statute. To the contrary, VictoryLand strenuously maintains its innocence. Entertainment of a civil action for injunctive and declaratory relief under such circumstance cannot be countenanced lest the trial court become involved in a role that should be left to the fact-finder in a criminal proceeding following a plea of not guilty. The circumstance presented in Walker v. City of Birmingham, 216 Ala. 206, 208-09, 112 So. 823, 825 (1927), is distinguishable because the issue presented in that case was the lack of authority of a municipal official to deny arbitrarily a license to operate a dairy farm, activity beyond the discretion of the official, and did not deal with an injunction against enforcement of the criminal laws.
This principle has ample footing in our precedent in those cases where the issue of subject-matter jurisdiction has been considered. See Eastburn v. Holcombe, 243 Ala. 433, 434, 10 So.2d 457, 458 (1942) (“It is a sound principle of law, well recognized in our decisions, that a court of equity will not intervene to restrain officers from the enforcement of criminal statutes, the constitutional integrity of which have been sustained, especially where, as here, the statute itself affords a full hearing in the courts. Higdon v. McDuff, 233 Ala. 497, 172 So. 636, 637 [(1937)]; Fisher v. McDuff, 233 Ala. 499, 172 So. 637 [ (1937) ]; Ex Parte State, 200 Ala. 15, 75 So. 327 [ (1917) ].”). Under such a circumstance, there is no basis on which to find irreparable injury. See also Kennedy v. Shamblin, 234 Ala. 230, 231, 174 So. 773, 774 (1937):
“As the averments of the bill show, the only property rights involved are such as the complainant has in said slot machines, in which he has invested his money and the profits which said machines are taking. And the only ground on which he invokes the injunctive protection of the court is that said machines are not within the interdiction of the statute.
“Courts of equity do not extend their aid to the protection of such property rights, unless authorized by statute, but leave such matters to the court of criminal jurisdiction. Ex parte State ex rel. Martin, 200 Ala. 15, 75 So. 327 [ (1917) ].
“Moreover, the statute, the enforcement of which the complainant seeks to enjoin, provides a remedy for the protection of complainant’s property rights and an adjudication in respect thereto. Caudfte] v. Cotton, Sheriff (Ala.Sup.) *591 [234 Ala. 126,] 173 So. 847 [(1937)]; [Higdon] v. McDuff, Sheriff, 233 Ala. 497, 172 So. 636 [(1937)]; Fisher v. McDuff, Sheriff, 233 Ala. 499, 172 So. 637 [ (1937) ].”
(Emphasis added.)
VictoryLand states, with no explanation and no citation to any authority, that it will be provided no due process of law in a civil-forfeiture proceeding. At this point, nothing before us indicates that the procedures to be used in a forfeiture proceeding will be inadequate to protect Victory-Land’s due-process rights. Nor are we impressed by the contention that the prospect for Tyson’s resort to a civil court to enforce a seizure of property pursuant to § 13A-12-30, Ala.Code 1975, a provision found in the Criminal Code, confers jurisdiction on a civil court to enjoin Tyson’s attempt to enforce provisions of the criminal law.
We recognize that in Barber v. Cornerstone Community Outreach, Inc., 42 So.3d 65 (Ala.2009), and Barber v. Jefferson County Racing Association, Inc., 960 So.2d 599 (Ala.2006), where the plaintiffs sought to block enforcement of a statute in the Criminal Code without acknowledging that their conduct fell within the statutory prohibition and without an accompanying prayer for a judgment declaring the statute invalid, we did not adhere to the boundary lines long established in our precedent. In those cases the issue was not raised. Our absence of attention to the issue of subject-matter jurisdiction in those cases cannot justify action by the judiciary in this case in contravention of our duty to observe the proper boundaries between judicial and executive functions mandated by § 43 of the Alabama Constitution of 1901 and, thereby permit, sub silentio, the overturning of the settled principles of constitutional law applicable to this proceeding.
Justice Woodall’s dissenting opinion would perpetuate the disorderly practice of permitting those threatened with criminal prosecution to seek relief in civil proceedings, without alluding to the long line of cases from which this Court departed in the recent past when such action was permitted. The time has come to return to the sounder course dictated by our established precedent, rather than continue down the wrong road because of timidity in admitting that we had done so. To call this alternative a circus, as the dissenting opinion suggests, ignores the reality that in the many years of adherence to wise and settled principles limiting our jurisdiction in such cases we were not embroiled in repeated efforts to frustrate enforcement of the criminal laws by attempts to pursue preemptive civil proceedings.
As we stated recently in an order entered in the case of Barber v. Houston County Economic Development Association (No. 1090444, January 15, 2010), the trial court “lacks subject-matter jurisdiction to interfere with a criminal proceeding by civil action.” As in that case, we vacate the order before us, dismiss the action, and dismiss the appeal.
ORDER VACATED; ACTION DISMISSED; APPEAL DISMISSED.
LYONS, STUART, BOLIN, PARKER, and SHAW, JJ., concur.
SMITH, J., concurs specially.
MURDOCK, J., concurs in the rationale in part and concurs in the result.
COBB, C.J., and WOODALL, J., dissent.