BOLIN, Justice.
 

 Chorba-Lee Scholarship Fund, Inc.; Community Network Association, Inc.; Shining Light Ministries; Israel Missionary Church; Save the Youth; Bagley Volunteer Fire & Rescue, Inc.; Cherokee Tribe of North East Aabama; Paws for Thought Animal Shelter; Take a Step Up; Roebuck Elks Lodge # 2123; JKM Community Development Corp.; World Over-comers Community Development Corp.; New Covenant CDC; H.E.A.T.; New Covenant Outreach Ministries; and Charity
 
 *280
 
 Pig Roast (hereinafter referred to collectively as “the plaintiffs”) appeal from the trial court’s order upholding the Jefferson County Bingo Act, Act No. 80-609, Ala. Acts 1980, as amended by Act No. 94-393, Ala. Acts 1994, and later by Act No. 99-415, Ala. Acts 1999 (“the Bingo Act”), against the plaintiffs’ constitutional challenge and declaring valid certain regulations promulgated by the Jefferson County Sheriff pursuant to the Bingo Act.
 
 [1]
 

 Article IV, § 65, Ala. Const.1901, generally prohibits lotteries, including bingo, in the State of Alabama. See
 
 Barber v. Cornerstone Cmty. Outreach, Inc.,
 
 42 So.3d 65 (Ala.2009). Section 65 provides:
 

 “The legislature shall have no power to authorize lotteries or gift enterprises for any purposes, and shall pass laws to prohibit the sale in this state of lottery or gift enterprise tickets, or tickets in any scheme in the nature of a lottery; and all acts, or parts of acts heretofore passed by the legislature of this state, authorizing a lottery or lotteries, and all acts amendatory thereof, or supplemental thereto, are hereby avoided.”
 

 However, bingo is allowed in certain counties in the State pursuant to various constitutional amendments. In 1980, House Bill 521, which proposed a constitutional amendment authorizing the operation of bingo games in Jefferson County, was introduced into the legislature. The proposed constitutional amendment required that a referendum be held in Jefferson County, which was held on September 2, 1980. The proposed amendment was approved by the citizens and became Amendment No. 386 to the Alabama Constitution of 1901 (now Local Amendments to Ala. Const.1901, Jefferson County, § 2 (Off.Recomp.)). Amendment No. 386, as amended by Amendment No. 600, provides as follows:
 

 “The operation of bingo games for prizes or money by nonprofit organizations for charitable or educational purposes shall be legal in Jefferson County, subject to the provisions of any resolution or ordinance by the county governing body or the governing bodies of the respective cities and towns, within their respective jurisdictions. The said governing bodies shall have the authority to promulgate rules and regulations for the licensing and operation of bingo games, within their respective jurisdictions, provided, however, that said governing bodies must insure compliance with the following provisions:
 

 “(a) No person under the age of 19 shall be permitted to play any game or games of bingo, nor shall any person under the age of 19 be permitted to conduct or assist in the conduct of any game of bingo;
 

 “(b) No bingo license shall be issued to any nonprofit organization, unless such organization shall have been in existence for at least 24 months immediately prior to the issuance of the license;
 

 “(c) Bingo games shall be operated only on the premises owned or leased by the nonprofit organization operating the bingo game. If the premises is leased, the rate of rental shall not be based on a percentage of receipts or profits resulting from the operation of bingo games;
 

 “(d) No nonprofit organization shall enter into any contract with any individual, firm, association or corporation to have said individual or entity operate bingo games or concessions on behalf of the nonprofit organization,
 
 *281
 
 nor shall said nonprofit organization pay consulting fees to any individual or entity for any services performed in relation to the operation or conduct of a bingo game;
 

 “(e) A nonprofit organization shall not lend its name or allow its identity to be used by any other person or entity in the operating or advertising of a bingo game in which said nonprofit organization is not directly and solely operating said bingo game;
 

 “(f) Prizes given by any nonprofit organization for the playing of bingo games in Jefferson County shall not exceed the amounts set by local law;
 

 “(g) No person or organization, by whatever name or composition thereof, shall take any salary, expense money, or fees as remuneration for services rendered in the operation of any bingo game.”
 

 Introduced simultaneously with House Bill 521 was House Bill 520, which was the enabling legislation for the proposed constitutional amendment. This bill passed the legislature, became Act No. 80-609, Ala. Acts 1980, and, as amended, became known as the Bingo Act. The Bingo Act defines a number of key terms and also provides a detailed statement of the framework of regulations and limitations in which a qualified organization under the Bingo Act must operate its bingo game. The Bingo Act also provides, in part, the following:
 

 “Relating to Jefferson County; permitting qualified organizations to operate bingo games within the county; providing for the regulation, permit granting and revocation and supervision of such bingo games; providing for a tax exemption; providing for penalties; providing for a referendum of the voters of this county on the question of whether the act will become effective in
 

 the county unless the voters thereof approve the constitutional amendment; and providing that the act shall become effective upon the adoption of an amendment to the Constitution of Alabama empowering the Legislature to authorize bingo within Jefferson County.
 

 [[Image here]]
 

 “Section 3. Operation of Bingo Games: Permit Required, (a) Any provisions of the law to the contrary notwithstanding, no qualified organization shall be permitted to operate a bingo game until the sheriff issues a permit to the organization authorizing it to do so. In the event of any controversy concerning whether or not certain activity constitutes bingo for which a permit may be issued, the decision of the sheriff shall control. The permit described in this law is in addition to and not in lieu of any other permits or licenses which may be required by the county or any political subdivision thereof, and no bingo game shall be operated until such time as all requisite permits and licenses have been obtained, including any permit that may be required by any municipality having jurisdiction over the place where the bingo is proposed to be played. A per-mitholder may hold only one permit and that permit is valid for only one location. A permit is not assignable or transferable.
 

 “(b) Any municipality wholly or partially within Jefferson County may elect to establish a Bingo control ordinance parallel to and similar to this Act and containing the same restrictions and controls as specified herein, to be administered by the Chief of Police of such municipality who shall, in such event, if provided for in the municipal ordinance, exercise the same powers and duties with respect to games of Bingo as are
 
 *282
 
 provided herein to be exercised by the Sheriff, and in such event the Chief of Police shall be the primary, but not exclusive, enforcement officer to assure enforcement of the regulation of such games within the boundaries of such municipalities as herein provided. Any ordinance so adopted by such a municipality shall be at least as restrictive of the game of Bingo as this Act and no person, organization, or other legal entity who, or which, would not be so authorized hereunder shall be allowed to conduct Bingo games under such municipal ordinances. Any fees for permits provided for in ordinances so adopted by a municipality shall be in lieu of the permit fees provided for otherwise in this Act.
 

 [[Image here]]
 

 “Section 10. Management and Operation of Bingo, Persons Eligible, Compensation, Equipment, Prizes, Advertisement.
 

 [[Image here]]
 

 “(4) Prizes given by any organization for the playing of bingo games shall not exceed five thousand dollars ($5,000) in cash or gifts of equivalent value during any bingo session or seven thousand five hundred dollars ($7,500) in cash or gifts of equivalent value during any calendar week.
 

 [[Image here]]
 

 “(8) A permitholder shall not conduct more than one bingo session during any one calendar day and no more than two bingo sessions during any one calendar week and no session shall exceed 5 hours.”
 

 Since the operation of bingo games began in Jefferson County, the Office of the Sheriff of Jefferson County had maintained a program of regulating bingo in Jefferson County pursuant to the Bingo Act. However, on September 20, 2007, David Barber, then the Jefferson County District Attorney, wrote the following letter to Mike Hale, the Sheriff of Jefferson County:
 

 “At your request, I am writing to confirm and explain my opinion that Alabama Act No. 80-609 and its delegation of regulatory authority to the sheriff are invalid. Likewise, it is my opinion that the current bingo licensing system that you inherited is not authorized by constitutional amendment.
 

 “Art. IV, § 65, of the Alabama Constitution bars the legislature from authorizing bingo and any other lottery-like enterprises. Constitutional Amendment 386 created an exception to the prohibition on bingo and granted regulatory power to the county commission or the local governing bodies of Jefferson County’s cities and towns. The Amendment did not grant any power to the legislature or the Jefferson County Sheriff. However, when the legislature proposed Amendment 386, it also passed Alabama Act No. 80-609 to regulate bingo in Jefferson County and delegate further regulatory authority to the sheriff.
 

 “I am of the opinion that Act No. 80-609 is invalid given the absence of a constitutional amendment specifically granting bingo regulatory power to the legislature. If Act No. 80-609 is invalid, then its delegation of authority to the Jefferson County Sheriff is also’invalid. Consequently, it is my opinion that your office does not have authority to continue the current bingo licensing system. My office would not be able to prosecute anyone charged with violating Act No. 80-609 or the related sheriffs regulations. However, Constitutional Amendment 386 itself places significant restrictions on the operation of bingo. Individuals violating those restrictions would lose the protection of the Amend
 
 *283
 
 ment and could be prosecuted for violating Alabama’s gambling statutes.
 

 “I realize that my position has resulted in uncertainty about future bingo regulation in Jefferson County. However, we are obligated to follow Constitutional Amendment 386 until another amendment is passed or a regulatory plan is created under the authority of that Amendment.”
 

 Based on the authority of Barber’s letter, Sheriff Hale ceased issuing permits and regulations for the operation of bingo in Jefferson County.
 

 On March 11, 2009, J. Scott Vowell, the presiding judge of the Jefferson Circuit Court, entered an order in
 
 State v. $⅛,932 United States Currency,
 
 CV-08-2781, holding that the Bingo Act was not unconstitutional. The Court stated:
 

 “The Court has examined the Constitutional Amendment [No. 386] and the [Bingo Act]. The [Bingo Act] does not appear to the Court to be in conflict with the Constitutional Amendment. It would be strange if they were in conflict, since they were drafted and introduced at the same time by the same Representative. The people of Jefferson County approved the Constitutional Amendment in a referendum and by its own terms, the [Bingo Act] thereupon became effective.
 

 “Therefore, this Court finds and declares that Alabama Act Number 80-609 is valid and does not contradict the Constitution of Alabama (1901), as amended.”
 

 Pursuant to the order entered by Judge Vowell in case no. CV-08-2781, Sheriff Hale, on September 9, 2009, issued “Promulgated Bingo Rules and Regulations, for Jefferson County, Alabama” (the “new bingo rules”). The new bingo rules, which were sent to all entities operating bingo games in Jefferson County, were accompanied by a cover letter which stated:
 

 “In accordance with Court Order No. CV-08-2781, March 11, 2009 (Ruling by the Honorable J. Scott Vowell, Presiding Judge, Circuit Court of Jefferson County), that the Alabama Act No. 80-609, the ‘Jefferson County Bingo Act’ is valid, the following Promulgated rules are issued as required after review and consultation with both the Birmingham and Bessemer District Attorney’s Offices.
 

 “The rules are hereby published today, September 9, 2009, and shall be in effect 30 days from publication (October 9, 2009). Any organization operating Bingo inside Jefferson County shall submit a complete application to the Office of the Sheriff prior to October 9, 2009.”
 

 The new bingo rules essentially tracked the language found in the Bingo Act and required any organization wishing to operate a bingo game in Jefferson County to first obtain a permit from the sheriff, which permit was in addition to any other permits the organization was required to obtain from the State, the county, or a municipality in the county.
 

 On October 21, 2009, Brandon K. Falls, who followed Barber as the Jefferson County District Attorney, issued a letter to all entities operating “bingo halls” in Jefferson County, including the plaintiffs, which stated, in part:
 

 “You have received this notice because it is my firm belief that you are in possession of illegal slot machines and are running a business that is operating in violation of Amendment 386. You have ten (10) days from the date of this notice to remove all slot machines in your possession from Jefferson County and suspend all for-profit bingo activities. Failure to do so will result in immediate legal action.”
 

 
 *284
 
 The Jefferson County Commission, as the governing body of Jefferson County, has not formulated rules for the regulation of bingo in unincorporated areas of Jefferson County or in municipalities that have not adopted a resolution or ordinance pursuant to Amendment No. 386. However, a number of municipalities within Jefferson County have enacted bingo ordinances. The plaintiffs, a group of nonprofit charities, operate electronic bingo games in municipalities within Jefferson County under bingo ordinances adopted by the municipalities. Some of the plaintiffs operate bingo games 12 hours per day; some operate bingo games 24 hours per day. Under the new bingo rules, the plaintiffs will be able to operate bingo games only two days per week and five hours per day. The plaintiffs have not obtained bingo permits from the Jefferson County Sheriffs Office and claim that they do not have to so long as they are operating under a license or permit issued by a municipality that has enacted a bingo ordinance.
 

 On October 30, 2009, the plaintiffs sued Jefferson County Sheriff Mike Hale, in his official capacity; Brandon K. Falls, in his official capacity as District Attorney for Jefferson County; Jefferson County; and the State of Alabama, seeking declaratory and injunctive relief. The plaintiffs alleged that Amendment No. 386 specifically authorizes bingo in Jefferson County and expressly grants the municipalities in Jefferson County and the county regulatory authority over the operation of bingo games in Jefferson County. The plaintiffs further alleged that the Bingo Act, which authorizes the sheriff to issue bingo permits and other regulations, is in conflict with Amendment No. 386 because Amend-pient No. 386 specifically grants the authority to regulate bingo to the municipalities in Jefferson County and to Jefferson County and not the sheriff. The plaintiffs contended that Amendment No. 386 “trumps” the Bingo Act and that the Bingo Act was unconstitutional. Thus, the plaintiffs alleged that Sheriff Hale was without authority to require that the plaintiffs obtain permits from his office and to issue the new bingo rules. The plaintiffs sought a judgment declaring the Bingo Act unconstitutional.
 

 The plaintiffs also alleged in their complaint that enforcement of the new bingo rules as announced by Sheriff Hale’s letter accompanying the new bingo rules would cause the plaintiffs irreparable and immediate injury by severely restricting the hours during which they could operate and the total prizes they could pay out. Accordingly, the plaintiffs sought injunctive relief preventing the enforcement of the new bingo rules as announced in Sheriff Hale’s letter.
 
 [2]
 

 The plaintiffs further alleged in their complaint that Falls, through his letter to all entities operating bingo games in Jefferson County, makes the blanket assertion that the equipment and operations of the individual nonprofit organization are identical or uniform. The plaintiffs allege that Falls seeks to destroy, through prose-cutorial fiat, licensed organizations authorized by Amendment No. 386. Accordingly, the plaintiffs sought injunctive relief from the demands in Fall’s letter of October 2009.
 

 On October 30, 2009, the State filed its motion in opposition to the plaintiffs’ requested injunctive relief as to the Falls letter, arguing that a court cannot enjoin a law-enforcement investigation or prosecution. On November 3, 2009, the State filed
 
 *285
 
 a supplemental motion in opposition to the plaintiffs’ request for injunctive relief, arguing that the plaintiffs cannot establish a reasonable chance of success on the merits of the case because the electronic bingo operated by the plaintiffs is illegal in Jefferson County, notwithstanding any municipal ordinance promulgated pursuant to Amendment No. 386 and that the plaintiffs cannot prove that their operations are in compliance with the requirements of Amendment No. 386.
 

 On November 2, 2009, Sheriff Hale, in his official capacity, answered the plaintiffs’ complaint. On November 6, 2009, Falls, in his official capacity as district attorney, moved the trial court to dismiss the plaintiffs’ complaint pursuant to Rules 12(b)(1) and (6), Ala. R. Civ. P., arguing, among other things, that a criminal investigation or prosecution cannot be enjoined; that the plaintiffs’ electronic bingo machines have already been declared illegal; that there is no cause or controversy with respect to those plaintiffs not in possession of “slot” machines; and that, as district attorney, he is immune from suit. On November 13, 2009, the plaintiffs filed a brief in opposition to the motions.
 

 On December 7, 2009, Jefferson County moved the trial court to dismiss the complaint against it for failing to state a claim upon which relief can be granted. Jefferson County alleged that it does not issue bingo permits; that the authority to issue bingo permits and to promulgate rules and regulations for the proper administration of bingo games had been granted to the sheriff pursuant to the Bingo Act; that it does not have any authority over the sheriff or the district attorney; and that the plaintiffs’ complaint does not allege that any illegal action has been taken by Jefferson County and does not request any relief from Jefferson County.
 

 On December 14, 2009, the trial court entered the following order, stating, in part:
 

 “The question of the constitutionality of Act 80-609, the ‘Jefferson County Bingo Act,’ has previously been addressed by Presiding Circuit Judge J. Scott Vowell in
 
 State v. $4,932.00 United States Currency,
 
 CV-08-2781-JSV (Order entered 3/11/09). In that opinion, Judge Vowell notes that Act 80-609 and Constitutional Amendment 386 were introduced simultaneously in the 1980 session of the Alabama Legislature, and that it provided that the act would ‘become effective upon the adoption of an amendment to the Constitution of Alabama empowering the legislature to authorize bingo within Jefferson County.’ Judge Vowell found that Act 80-609 was not in conflict with Amendment 386 and was, therefore, valid. This Court agrees.
 

 “The Jefferson County Bingo Act, Act 80-609, sets forth a comprehensive permitting scheme for bingo operations in Jefferson County. The Sheriff is authorized to issue permits to qualified operators and ‘to promulgate rules and regulations which he deems necessary for the proper administration and enforcement of the provisions’ of the act. The Plaintiffs not only challenge the constitutionality of the Jefferson County Bingo Act, but also the Sheriffs action in reliance upon this authority.
 

 [[Image here]]
 

 “The next issue to be resolved is whether the Jefferson County Sheriff had the authority to issue the challenged regulations for bingo operators. Act 80-609 permits the Sheriff to issue permits for bingo operators and sets forth an application process (Section 4.) Because the Sheriffs regulations for making application for bingo permits merely
 
 *286
 
 track the language of Act 80-609, the Court finds those regulations valid. Therefore, the claims for injunctive relief against Sheriff Mike Hale are DISMISSED.
 

 “Finally, the Plaintiffs challenge the notice sent by District Attorney Brandon Falls to various[
 
 3
 
 ] bingo operations in Jefferson County. That notice provides, in essence, that failure to cease operating in violation of the District Attorney’s interpretation of the laws relating to bingo operations will result in legal action by the District Attorney. This Court does not have the authority to enjoin or interfere with law enforcement. The issuance of the notice, while not required prior to the District Attorney’s taking legal action to enforce the law, is certainly in aid of such action. The proper forum to test the District Attorney’s interpretation of the laws relating to bingo operations is in cases brought by the District Attorney enforcing such laws. The claims against the District Attorney for injunctive relief are therefore, DISMISSED.”
 

 (Capitalization in original.)
 

 The plaintiffs contend that Amendment No. 886 authorizes the operation of bingo games in Jefferson County and grants to the county’s governing body or to the governing bodies of the respective municipalities within Jefferson County, the sole authority to regulate the operation of bingo games within Jefferson County. The plaintiffs argue that the Bingo Act is unconstitutional as an unlawful attempt by the legislature to regulate bingo within Jefferson County and is in conflict with Amendment No. 386. Sheriff Hale argues that it was the legislature’s intent that Amendment No. 386 and the Bingo Act work in tandem with each other and that because the Bingo Act was the enabling legislation for Amendment No. 386, it necessarily must be more detailed and that the added level of detail does not amount to a conflict with Amendment No. 386.
 

 We examine the constitutionality of Act No. 80-609 with the presumption that it is constitutional. See
 
 1568 Montgomery Highway, Inc. v. City of Hoover,
 
 45 So.3d 319, 328-29 (Ala.2010):
 

 “ ‘ “Our review of constitutional challenges to legislative enactments is de novo.”
 
 Richards v. Izzi,
 
 819 So.2d 25, 29 n. 3 (Ala.2001). Additionally, acts of the legislature are presumed constitutional.
 
 State v. Alabama Mun. Ins. Corp.,
 
 730 So.2d 107, 110 (Ala.1998). See also
 
 Dobbs v. Shelby County Econ. & Indus. Dev. Autk,
 
 749 So.2d 425, 428 (Ala.1999) (“In reviewing the constitutionality of a legislative act, this Court will sustain the act ‘ “unless it is clear beyond reasonable doubt that it is violative of the fundamental law.” ’
 
 White v. Reynolds Metals Co.,
 
 558 So.2d 373, 383 (Ala.1989) (quoting
 
 Alabama State Fed’n of Labor v. McAdory,
 
 246 Ala. 1, 9, 18 So.2d 810, 815 (1944)).”). We approach the question of the constitutionality of a legislative act “ ‘ “with every presumption and intendment in favor of its validity, and seek to sustain rather than strike
 
 *287
 
 down the enactment of a coordinate branch of the government.” ’ ”
 
 Monroe v. Harco, Inc.,
 
 762 So.2d 828, 881 (Ala.2000) (quoting
 
 Moore v. Mobile Infirmary Ass’n,
 
 592 So.2d 156, 159 (Ala.1991), quoting in turn
 
 McAdory,
 
 246 Ala. at 9, 18 So.2d at 815).
 

 “‘Moreover, in order to overcome the presumption of constitutionality, ... the party asserting the unconstitutionality of the Act ... bears the burden “to show that [the Act] is not constitutional.”
 
 Board of Trustees of Employees’ Retirement Sys. of Montgomery v. Talley,
 
 291 Ala. 307, 310, 280 So.2d 553, 556 (1973). See also
 
 Thom v. Jefferson County,
 
 375 So.2d 780, 787 (Ala.1979) (“It is the law, of course, that a party attacking a statute has the burden of overcoming the presumption of constitutionality....”).’
 

 “State ex rel. King v. Morton,
 
 955 So.2d 1012, 1017 (Ala.2006).”
 

 As discussed above, § 65 of the Alabama Constitution prohibits the legislature from authorizing bingo and other lottery-like enterprises in the State. However, bingo is allowed in certain counties within the State pursuant to various constitutional amendments. Amendment No. 386 expressly authorizes the operation of bingo games in Jefferson County for prizes or money by nonprofit organizations, “subject to the provisions of any resolution or ordinance
 
 by the county governing body or the governing bodies of the respective cities and towns, within their respective jurisdictions.”
 
 Amendment No. 386 expressly grants to the governing body of Jefferson County or to the governing bodies of the municipalities within Jefferson County “the authority to promulgate rules and regulations for the licensing and operation of bingo games, within their respective jurisdictions.” Absent from the plain and unambiguous language of Amendment No. 386 is the grant of any authority, either express or implied, to the Jefferson County sheriff to regulate bingo or to promulgate bingo rules in Jefferson County.
 
 [4]
 
 Additionally, Amendment No. 386 does not grant any power to the legislature to regulate bingo in Jefferson County.
 

 The Bingo Act delegates certain regulatory authority over bingo in Jefferson County to the sheriff. The Bingo Act provides in Section 2 that “no qualified organization shall be permitted to operate a bingo game until the sheriff issues a permit to the organization authorizing it to do so.” Any permit issued by the sheriff “is in addition to and not in lieu of any other permits or licenses which may be required by the county or any political subdivision thereof.” This attempt by the legislature to extend regulatory authority over bingo to the sheriff in Jefferson County is in direct conflict with Amendment No. 386, which clearly vests only the governing body of Jefferson County or the governing body of a municipality located in Jefferson County with the exclusive authority to regulate the operation of bingo games in Jefferson County. “ ‘Undeniably, the legislature cannot enact a statute that conflicts with the Constitution, that is, that prohibits that which is permitted by the Constitution or that permits that which is prohibited by the Constitution.’ ”
 
 Opinion of the Justices No. 373,
 
 795 So.2d 630, 632 (Ala.2001) (quoting
 
 City of Birmingham v. Graffeo,
 
 551 So.2d 357, 361-62 (Ala.1989)).
 

 
 *288
 
 Based on the forgoing, we conclude that to the extent the Bingo Act grants regulatory authority to the sheriff of Jefferson County to issue permits and to promulgate rules and regulations regarding the operation of bingo games in Jefferson County, it is in conflict with Amendment No. 386 and is unconstitutional. Consequently, any rules or regulations issued by the sheriff of Jefferson County pursuant to the Bingo Act are necessarily invalid. Accordingly, the judgment of the trial court is reversed and the case remanded for proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 COBB, C.J., and LYONS, WOODALL, STUART, SMITH, PARKER, MURDOCK, and SHAW, JJ., concur.
 

 [1]
 

 . The trial court declared Act. No. 94-393, Ala. Acts 1994, to be unconstitutional. The constitutionality of that act is not argued on appeal and will not be addressed on appeal.
 

 [2]
 

 . The plaintiffs also asserted a cause of action against Sheriff Hale and District Attorney Falls pursuant to 42 U.S.C. § 1983. Those claims were dismissed by the trial court and no issues regarding them have been raised on appeal.
 

 [3]
 

 . Following remand by this Court on July 21, 2010, for a Rule 54(b), Ala. R. Civ. P., certification of finality, the trial court, on July 28, 2010, amended its judgment to dismiss all claims against the State and Jefferson County. Additionally, we note that the plaintiffs do not appeal that portion of the trial court’s order dismissing the claims for injunctive relief against District Attorney Falls. This Court has held that a court generally has no jurisdiction to enjoin law enforcement in the performance of its investigatory and prosecutorial functions.
 
 Tyson v. Jones,
 
 60 So.3d 831 (Ala.2010).
 

 [4]
 

 . Compare Amendment No. 386 to Amendments No. 743 and 744 for Greene County and Macon County, respectively, which give express authority to the sheriff to promulgate rules and regulations with regard to the licensing, permitting, and operation of bingo in those counties.