PER CURIAM.
Redtop Market, Inc., and River Road Auto Repair, by and through its owner, Rickey Bolton (hereinafter collectively referred to as “Redtop”), appeal from the trial court’s order granting the State of Alabama on the relation of Arthur Green, district attorney for the Bessemer Division of the Tenth Judicial Circuit of Alabama, relief under Rule 60(b)(6), Ala. R. Civ. P. We vacate the order, dismiss the action, and dismiss the appeal.

Facts and Procedural History

On July 1, 2003, Redtop filed a complaint seeking a judgment declaring that certain gaming machines Redtop wished to operate in its place of business were “bona fide coin-operated amusement machines” under § 13A-12-76, Ala.Code 1975. According to the complaint, Green had refused to approve the gaming machines for use as amusement machines and had taken the position that the operation of the machines would violate §§ 13A-12-20 through 13A-12-76, Ala.Code 1975. The complaint alleged that “the machines in question are primarily games of skill and not chance and therefore, should be allowed to be operated.”
After conducting a hearing, the trial court on February 3, 2004, entered an order holding that the gaming machines were bona fide coin-operated amusement machines under § 13A-12-76, Ala.Code 1975. The trial court’s order stated that “any and all law enforcement agencies, including the Jefferson County Sheriffs Department and all local municipal law *205 enforcement authorities, [shall] abstain from seizing or charging criminally any individuals operating or possessing [the gaming machines] in Jefferson County.”
On February 27, 2004, the State filed a motion for a new trial or a rehearing. After conducting a hearing, the trial court denied the motion for a new trial on July 1, 2005. On August 11, 2005, the State filed a notice of appeal to this Court. In State v. Redtop Market, Inc., 937 So.2d 1013 (Ala.2006), this Court held that the State’s motion for a new trial had been denied by operation of law on May 27, 2004; thus, the State’s appeal was untimely. Therefore, this Court dismissed the appeal.
On January 18, 2007, the State filed a motion under Rule 60(b)(6), Ala. R. Civ. P., seeking relief from the trial court’s February 3, 2004, order. The Rule 60(b)(6) motion alleged that this Court in Barber v. Jefferson County Racing Ass’n, 960 So.2d 599 (Ala.2006), examined gaming machines that were essentially identical to the gaming machines at issue in the present case and held that such gaming machines are illegal gambling devices. The State asked the trial court to find that the gaming machines at issue in the present case are illegal gambling devices and to lift its injunction preventing law-enforcement agencies from seizing the machines or from criminally charging individuals found to be operating or possessing the machines in Jefferson County. On January 26, 2007, the trial court granted the State’s motion and lifted the injunction.
On February 23, 2007, Redtop filed a motion to set aside the January 26, 2007, order or to stay that order pending appeal. The trial court denied that motion on February 26, 2007. On March 7, 2007, Redtop filed a notice of appeal to this Court.

Discussion

After the appeal in this case was taken, this Court released its opinion in Tyson v. Macon County Greyhound Park, Inc., 43 So.3d 587 (Ala.2010), which held that the Macon Circuit Court lacked subject-matter jurisdiction to interfere in the enforcement of criminal laws through the issuance of an injunction in a civil action. That holding is dispositive in the present case.
In Tyson, Macon County Greyhound Park, Inc., d/b/a VictoryLand (“Victory-Land”), filed an action in the Macon Circuit Court against John M. Tyson, Jr., individually and in his official capacity as special prosecutor and task-force commander of the Governor’s Task Force on Illegal Gambling, seeking injunctive and declaratory relief stemming from Tyson’s arrival at the premises of VictoryLand for the purpose of seizing machines that, Tyson said, were illegal gambling devices. In its complaint, VictoryLand asserted that its activities were lawful and that it would suffer irreparable injury if the machines were seized. The circuit court entered a written order barring Tyson from taking further action pending a hearing to be held a few days later. Tyson filed an emergency motion in this Court to stay or to vacate the circuit court’s order.
This Court held that “[t]he general rule is that a court may not interfere with the enforcement of criminal laws through a civil action; instead, the party aggrieved by such enforcement shall make his ease in the prosecution of the criminal action.” Tyson, 43 So.3d at 589. We also noted that “[t]his Court has recognized an exception to the general rule whereby the equitable powers of the court can be invoked to avoid irreparable injury when the plaintiff contends that the statute at issue is void,” 43 So.3d at 589, but we held that “[t]he complaint in this action does not present a situation in which the plaintiff acknowledges that his conduct is prohibited by a statute and then challenges the enforceability of the statute.” 43 So.3d at 590. *206 Therefore, based on those propositions, we held that the circuit court lacked subject-matter jurisdiction, and we vacated the order before us, dismissed the action, and dismissed the appeal.
As did the plaintiffs in Tyson, Redtop sought a judgment declaring the operation of the gaming machines to be legal, and, like the trial court in Tyson, the trial court in this case, in its February 3, 2004, order, enjoined all law-enforcement agencies “from seizing or charging criminally any individuals operating or possessing [the gaming machines] in Jefferson County.” Such a declaration would impermissibly interfere with the enforcement of criminal laws through a civil action. Also, no exception to the general rule applies in the present case because Redtop does not challenge the enforceability of any statute. Instead, Redtop alleges that the gaming machines are legal because, it says, the machines meet the definition of a “bona fide coin-operated amusement machines” under § 13A-12-76, Ala.Code 1975. Therefore, like the circuit court in Tyson, the circuit court in the present case lacked subject-matter jurisdiction over the action, and all orders entered by the trial court in this case are void.

Conclusion

Based on the foregoing, we vacate the order before us, dismiss the action, and dismiss the appeal.
ORDER VACATED; ACTION DISMISSED; APPEAL DISMISSED.
LYONS, WOODALL, STUART, SMITH, BOLIN, and SHAW, JJ., concur.
MURDOCK, J., concurs specially.
COBB, C. J., concurs in the result.