MURDOCK, Justice
(concurring specially).
In Tyson v. Macon County Greyhound Park, Inc., 43 So.3d 587 (Ala.2010), this Court held that a circuit court exercising its civil jurisdiction did not have subject-matter jurisdiction over an action seeking to restrain the enforcement of this State’s criminal laws. Among other things, this Court supported its holding with the following observations:
“The general rule is that a court may not interfere with the enforcement of criminal laws through a civil action; instead, the party aggrieved by such enforcement shall make his case in the prosecution of the criminal action:
“ ‘It is a plain proposition of law that equity will not exert its powers merely to enjoin criminal or quasi criminal prosecutions, “though the consequences to the complainant of allowing the prosecutions to proceed may be ever so grievous and irreparable.” Brown v. Birmingham, 140 Ala. [590,] 600, 37 South. [173,] 174 [(1904)]. “His remedy at law is plain, adequate, and complete by way of establishing and having his innocence adjudged in the criminal court.” Id.’
“Board of Comm’rs of Mobile v. Orr, 181 Ala. 308, 318, 61 So. 920, 923 (1913). See also 22A Am.Jur.2d Declaratory Judgments § 57 (2003) (‘A declaratory judgment will generally not be granted where its only effect would be to decide matters which properly should be decided in a criminal action.’).”
Tyson, 43 So.3d at 589.
The present case well demonstrates the wisdom of the above-quoted general principles and the harmony of those principles with the doctrine of the separation of powers as provided in § 43 of the Alabama Constitution. If we limit “matters which properly should be decided in a criminal action” to criminal actions, a mistake in favor of a criminal actor serves only to *207 immunize from further law-enforcement efforts the specific past acts alleged in the indictment or information. On the other hand, if such a mistake is made in a civil case like the present one, the result could be injunctive or other relief that could tie the hands of law enforcement in the future so as, in effect, to immunize from further law-enforcement efforts all future acts of the same nature by the prevailing party and possibly other similarly situated actors in the county in which the decision is rendered. In practical effect, the result would be a change by civil judicial decree for that county of what has been prescribed by the legislature as the uniform statutory criminal law for the entire state. The judiciary would, in one fell swoop, be able to interfere with both the legislative and executive branches, contrary to § 43 of the Alabama Constitution.
Alabama’s constitution prescribes to the legislative branch of our State government the task of promulgating criminal laws for the sake of the public’s safety, health, and welfare. It prescribes to the executive branch of State government the task of enforcing criminal laws to the same end. It is essential to the integrity of the delegation of these respective tasks to these particular branches and to the realization of these purposes in a uniform manner throughout the various counties to adhere to the notion that an order from the judicial branch of the nature at issue in this case is subject to future, collateral attack as beyond the jurisdiction of the civil court that entered it. Maintaining this integrity and meeting these purposes dictate that the potential prospective, binding effect of the order of a single court not be dependent upon the immediate stance taken by, or the skill or diligence of, a local official in relation to the trying of a single civil action, the preserving of error in that action, or the pursuing of a timely and effective appeal from any adverse judgment.
Related to the foregoing, I note that our opinion in Tyson stated that this Court has recognized an exception to the general rule whereby the equitable powers of the court can be invoked to avoid irreparable injury when the plaintiff concedes that his or her conduct falls within a criminal statute but contends that the statute itself is void. 43 So.3d at 589. Because this exception is again referenced in the opinion in this case, I find it appropriate to make note here of questions regarding the correctness of this exception that have arisen for me since Tyson was decided.
Most fundamentally, it appears to me that the above-described principles and purposes could be defeated as effectively by a civil action that adjudicates a criminal statute or ordinance to be void as by a civil action that successfully seeks on some other ground to prevent particular conduct from being prosecuted under that criminal statute or ordinance in the future.[1] I question whether any exception that al *208 lows such a result could be correct since it is those principles and purposes that inform the general rule.
Although there are indeed numerous cases that articulate an exception to the general rule for civil actions seeking an adjudication that an enactment is void (which I understand to be a reference to facial voidness), it may be observed that such cases, particularly early ones, usually involved the validity of local ordinances, rather than State criminal statutes. See, e.g., Board of Comm’rs of Mobile v. Orr, 181 Ala. 308, 318, 61 So. 920, 923 (1913) (noting the “plain proposition of law that equity will not exert its powers merely to enjoin criminal or quasi criminal prosecutions,” but subsequently observing that the Court had recognized “the power ... of the equity courts to interfere by injunction where quasi criminal prosecutions wider municipal ordinances will destroy or impair property rights” and citing a series of cases involving alleged violations of municipal ordinances (emphasis added)); Franklin Soc. Club v. Town of Phil Campbell, 204 Ala. 259, 85 So. 527 (1920); Walker v. City of Birmingham, 216 Ala. 206, 112 So. 823 (1927). Such cases arguably do not implicate the above-described concerns as to the separation and independence of the legislative and executive branches of State government, nor the need for statewide uniformity in the application of State criminal statutes, in the same manner as do cases seeking to adjudicate the viability of a criminal statute enacted by the legislative branch of State government for enforcement throughout the State.
Assuming that an exception of the nature expressed in Tyson is available, however, I also have come to question whether we as a Court failed in Tyson to observe adequately that the risk of irreparable injury that must be shown must be to property and enterprises other than those that are the subject of the enforcement action itself.[2] By extension, it may be questioned *209 whether in a circumstance where there is a commingling of both allegedly illegal enterprises with legal enterprises the complainant has not voluntarily undertaken a risk for which a court exercising civil jurisdiction may not provide relief.
While I therefore question whether this Court’s articulation of an exception in Tyson was correct, it is not necessary to answer this “question” in order to decide the case before us. I agree with the main opinion that the exception articulated in Tyson is not applicable here, and I therefore concur in that opinion.

. See generally City Council of Montgomery v. West, 146 Ala. 680, 40 So. 215, 215 (1906) (not reported in Alabama Reports) (holding that a court exercising civil jurisdiction is "without power to enjoin the commission of threatened crimes, or to restrain threatened prosecutions for the commission of alleged crimes,” even when "the ordinance or statute for the alleged violation of which the prosecution is threatened, is absolutely void” and averment is made that there "would be repeated and numerous prosecutions” that would “inflict irreparable injury” but making no reference to any exception to this general rule). Similarly, if an ordinance purports to declare legal certain activity that would otherwise run afoul of a State criminal statute, I question whether there is any difference in adjudicating in a civil action for prospective effect the validity of that ordinance and a similar adjudication of the legality of the activity at issue in the absence of an ordinance that purports to legalize it.

. Compare, e.g., Bessemer v. Bessemer Water Works, 152 Ala. 391, 44 So. 663 (1907) (involving local ordinances imposing restrictions on businesses and property that in all other respects were “perfectly legitimate and highly useful”); Brown v. Birmingham, 140 Ala. 590, 37 So. 173 (1904); Old Dominion Tel. Co. v. Powers, 140 Ala. 220, 37 So. 195 (1904); Bryan v. City of Birmingham, 154 Ala. 447, 450, 45 So. 922, 923 (1908) (addressing on its merits the trial court’s denial of equitable relief in a case where the “threatened enforcement of the ordinance would not only greatly diminish the value of the property, but will practically destroy its value, by forbidding the use to which it is better or exclusively adaptable,” in this case a cemetery); Town of Cuba v. Mississippi Oil Co., 150 Ala. 259, 43 So. 706 (1907); Port of Mobile v. L. & N.R.R., 84 Ala. 115, 4 So. 106 (1888); Montgomery v. L. & N.R.R., 84 Ala. 127, 4 So. 626 (1888), with Ex parte State ex rel. Martin, 200 Ala. 15, 16, 75 So. 327, 328 (1917) ("The property right sought to be asserted ... does not ... bring [the plaintiff's] cause within the exception ... recognized in the cases noted in Board of Com'rs of Mobile v. Orr, 181 Ala. 308, 61 So. 920 [ (1913) ]. The fact, if so, that complainant has brought into the state or has in his possession a beverage that, though in fact not prohibited, will subject or has subjected him to arrest and his beverage to seizure, cannot avail to invest the court of equity with jurisdiction in the premises. The issue, whether the beverage is within the prohibitory laws, can be fully determined by the court in which the prosecution and the proceedings on seizure are heard.”); Caudle v. Cotton, 234 Ala. 126, 127, 173 So. 847, 848 (1937) (dissolving an injunction against law enforcement's seizure of gambling devices and noting that "[p]erhaps the case of Ex parte State, 200 Ala. 15, 75 So. 327 [(1917)], furnishes an illustration more nearly in point to the instant case” than others); Kennedy v. Shamblin, 234 Ala. 230, 231, 174 So. 773, 774 (1937) (affirming the trial court's denial of equitable relief where “the only property rights involved are such as the complainant has in said slot machines, in which he has invested his money and the profits which said machines are taking”). See also Dickey v. Signal Peak Enters., 340 Ark. 276, 280, 9 S.W.3d 517, 519 (2000) (holding that a threatened prose *209 cution did not fall within the exception to the general rule preventing a chancery court from restraining prosecutorial efforts because the threatened prosecution “was aimed exclusively at illegal gambling operations, not lawful business operations”); Billy/Dot, Inc. v. Fields, 322 Ark. 272, 908 S.W.2d 335 (1995).