MURDOCK, Justice
(concurring specially).
Part I of the main opinion dismisses Mary Kathleen Keddie-Hill and Cheryl Tillman’s case below on the ground that Rule 32.1, Ala. R.Crim. P., requires that a postconviction petition seeking relief from “multiple judgments entered in more than a single trial or guilty-plea proceeding ... be dismissed without prejudice.” I concur in this dismissal, and I agree that the dismissal should be without prejudice to the extent those petitioners have sought relief in this case that hereafter may be pursued in a properly structured Rule 32 proceeding. I note, however, that to the extent the petitioners hereafter might again seek injunctive or declaratory relief in a future petition, not only is such relief not contemplated under Rule 32, Ala. R.Crim. P., but an action seeking such relief would be beyond this Court’s subject-matter jurisdiction for the reasons described in Part II of the main opinion.
COBB, Chief Justice (concurring in the rationale in part and concurring in the result).
As to the dismissal of the civil action brought by Justin Hammond, I concur in the result. I am convinced that, once charged with a crime, a criminal defendant may not subsequently sue for declaratory or injunctive relief to resolve issues that are properly to be decided in the criminal action. Cf. Gulf House Ass’n v. Town of Gulf Shores, 484 So.2d 1061, 1064 (Ala.1985) (“A permanent injunction will be granted when ... there is no adequate remedy at law.”); Trimble v. City of Prichard, 438 So.2d 745 (Ala.1983) (holding that a plaintiff could not maintain a declaratory-judgment action contesting the validity of a municipal ordinance during the pending prosecution of the plaintiff under the ordinance). Further, I am convinced that the constitutionality of the DNA database fee is an issue that should properly be decided in Hammond’s criminal case. Therefore, I agree that Hammond’s civil action is due to be dismissed.
However, I cannot concur in the majority’s reliance on Tyson v. Macon County Greyhound Park, 43 So.3d 587, 589 (Ala. 2010), as its rationale for dismissing Hammond’s claims for declaratory relief for lack of jurisdiction. I concurred with Justice Woodall’s dissent in Tyson, 43 So.3d at 592 (Woodall, J., dissenting), and, in my view, Tyson was incorrectly decided. Further, Tyson contained dicta that expressly disclaimed its application to cases in which “the plaintiff contends that the statute at issue is void.” 43 So.3d at 589. Subsequently, in Chorba-Lee Scholarship Fund, Inc. v. Hale, 60 So.3d 279 (Ala.2010), this Court reached the merits of an action seeking declaratory and injunctive relief that was substantively indistinguishable from Tyson, except that, in Chorbctr-Lee, the legal issue to be decided was not the legality of the plaintiffs’ conduct, but the constitutional validity of a law under which a prosecutor had threatened to bring charges. I concurred in Chorbctr-Lee without writing because it was my understanding at the time that Tyson expressly permitted actions to enjoin enforcement of a void law. See Tyson, 43 So.3d at 589-90.
Unlike the plaintiff in Tyson, Hammond does not seek a declaratory judgment as to the legality of his conduct. Hammond *108 simply seeks to relief from a law he contends is unconstitutional and void. Therefore, in my view, Tyson is distinguishable.
In all other respects, I concur with the Court’s opinion.