MOORE, Chief Justice
(concurring in case no. 1101313, case no. 1110158, and case no. 1130598 and concurring in the result in case no. 1101384 and case no. 1110310).
In my view the property at issue in this case was lawfully seized under the authority of a valid warrant. Because relief under Rule 3.13, Ala. R.Crim. P. (“Unlawfully Seized Property”), is not available to seek return of lawfully seized property, I concur in the result in case no. 1101384 and case no. 1110310.[10]
I concur fully that probable cause exists to issue the search warrant in case no. 1130598, and I concur to dismiss the petitions for the writ of mandamus in case no. 1101313 and case no. 1110158.

. I find the separation-of-powers discussion relating to Tyson v. Macon County Greyhound. Park, Inc., 43 So.3d 587 (Ala.2010), not germane. Because the Rule 3.13 proceedings and the separate forfeiture actions are both judicial proceedings, no issue of interference with executive-branch prerogatives is present in the Rule 3.13 cases.